### A92A0514. GREENWOOD v. THE STATE.
(418 SE2d 160)

McMurray, Presiding Judge.

Defendant Greenwood appeals his conviction of the offenses of criminal attempt to commit burglary, possession of tools for the commission of crime, and theft by receiving stolen property. *Held*:

1. Immediately prior to trial, Stevens, a co-indictee, was called to testify outside the presence of the jury in order that the trial court and counsel might determine whether he intended to testify in the case against defendant or to avail himself of the Fifth Amendment right not to incriminate himself. Stevens, who had been previously tried and convicted on the three counts of the indictment announced his intention to "plead the Fifth from here on." Over defendant's objection, the court then granted the State's motion for a grant of immunity from information received from such testimony and ordered Stevens to testify truthfully in defendant's trial.

When Stevens was called to testify at trial by the State, some doubt remained as to whether he would obey the trial court's order that he testify. In the absence of the jury, the prosecuting attorney attempted to elicit testimony from Stevens, who continued to insist that he was not going to testify. Stevens refused to comply with the order of the trial court to answer the questions put to him and was held to be in direct criminal contempt and punishment ordered, including incarceration and a fine. Nonetheless, no response to any substantive question was forthcoming following Stevens' statement of his name, age, and residence. Stevens also stated that he would not answer any of defense counsel's questions on cross-examination.

Over defendant's objections claiming a violation of his Fourth and Sixth Amendment rights, particularly his right to confront witnesses against him, the State was allowed to question Stevens before the jury. After stating his name and age before the jury, the following exchange occurred between Assistant District Attorney Thompson and Stevens: "Q. Where do you live, sir? A. Like I told you before, Mr. Thompson, my case is under appeal and I'm not going to testify. You can ask as many questions as you want, but I'm going to say the same thing over and over. Q. As I told before — [Defense counsel]: Objection. THE COURT: Don't go into that. Mr. Stevens, answer the questions. Q. Do you know Richard Greenwood? A. I plead the Fifth and won't answer questions. Q. Do you know Matthew Handte? [a

third co-indictee]. A. I won't answer your questions, sir. Q. Did you, Matthew Handte, and Richard Greenwood conspire — I mean agree to pick up this pick-up truck parked at the Handte Realty Company to go to David Harper's driveway and wait until that family went to church, take the saw and go in to saw the vault out of the house? A. I'll not answer your questions. THE COURT: Mr. Thompson, I think that's all." Subsequently, Stevens testified that he would not answer any questions posed by defense counsel on cross-examination.

Defendant moved for mistrial on the basis of the areas gone into by the prosecuting attorney's questions, the inferences which would arise therefrom with the jury, and the denial of cross-examination. The trial court denied the defendant's motion for mistrial and instructed the jury not to consider the testimony of Stevens in reaching a verdict.

On appeal, defendant relies upon the cases of *Lingerfelt v. State*, 235 Ga. 139 (218 SE2d 752) and *Lawrence v. State*, 257 Ga. 423 (360 SE2d 716). As in those cases, the trial court permitted the State to call a witness who had notified the court and counsel that he would not answer any question and ask leading questions, predicated on the witness' prior statements, which suggested the defendant's guilt of the crimes charged. Under the circumstances of those cases, the procedure whereby the prosecutor was allowed, in effect, to testify for the witness and circumvent meaningful cross-examination as to obvious inferences was soundly condemned. See *Lawrence* at p. 425 (fn. 3).

The issue before this Court is whether the holdings in *Lingerfelt* and *Lawrence* are applicable, or are they distinguishable, as the State argues, due to the grant of immunity to the witness in the case sub judice. Since the witness' clearly stated refusal to testify was not altered by the grant of immunity, the trial court's order, or the adjudication of contempt, we fail to discern any manner in which the grant of immunity can be said to have altered the circumstances in the case sub judice from those in *Lingerfelt* and *Lawrence*. The knowledge of the trial court and prosecuting counsel that the witness would not answer the questions posed remained the same, as were the consequences of allowing the prosecuting attorney to call the witness and ask leading questions based on the witness' prior statement. The trial court erred in denying defendant's motion for mistrial.

2. The remaining enumeration questions the sufficiency of the evidence to authorize defendant's conviction. The evidence stated in the light most favorable to the verdict shows that defendant, along with a companion, was observed on rural property owned by Harper. The pair was seen to stealthily approach an old house used for storage of personal property. Defendant remained outside while the companion entered the old house. Meanwhile, Harper had been alerted by a neighbor to the presence of the trespassers. When Harper approached

the old house in his vehicle, defendant began to walk away. Harper intercepted defendant while defendant's companion exited the opposite side of the old house and left the area. Defendant, who was armed with a handgun, gave a false name and told Harper that he was looking for a place to deer hunt. During the conversation, the neighbor who had alerted Harper arrived on the scene and Harper learned that it was not defendant but defendant's companion that had entered the old house. Harper sent the neighbor to have his wife call the sheriff. Defendant protested that it was his companion who had created a problem by entering the old house, and that, consequently, it was his companion who should talk to the sheriff. Defendant, in asking that he be allowed to go find his companion and bring him back, identified a pickup truck parked by a nearby telephone relay station as his, and argued that he would not run off and leave his truck sitting there. Defendant was allowed to leave and shortly thereafter a sheriff's deputy arrived on the scene. It was soon established that the pickup truck had been stolen and that the tag on the truck had been stolen from a separate vehicle. The truck contained a concrete cutting saw along with several accessories, a ski mask, handcuffs, duct tape, and a pair of binoculars. A patrol of the vicinity resulted in the arrest of Stevens. The truck was shown to have been stolen from a friend of defendant's. Also, there was evidence as to the existence of and defendant's possible knowledge of a large safe or vault in Harper's residence which was located near the old house used for storage.

The State's theory is that defendant and his companion had taken up a surveillance position to observe when Harper and his family left their residence, and intended, after the Harpers' departure, to use the equipment in the stolen pickup truck to break into the vault in the residence. However, since the evidence is consistent with any number of alternative hypotheses, it fails to establish the intent to burglarize the Harper residence which is essential to the charged offenses of criminal attempt to commit burglary and possession of tools for the commission of crime. The verdict, as to these two offenses, is insupportable as a matter of law under the "reasonable doubt" test of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

As to the offense of theft by receiving stolen property, the jury was authorized to consider defendant's statement to Harper, that the stolen truck was his, as evidence of possession or receipt of the stolen property. Defendant's own testimony showed his knowledge that the truck was stolen. The evidence is sufficient to authorize a rational trier of fact in finding defendant guilty beyond a reasonable doubt of the offense of theft by receiving stolen property. *Jackson v. Virginia*, 443 U. S. 307, supra; *Fair v. State*, 198 Ga. App. 437, 438 (4) (401 SE2d 626).

*Judgment affirmed in part and reversed in part. Sognier, C. J.,*

*and Cooper, J., concur.*

DECIDED APRIL 10, 1992.

*Frank J. Petrella*, for appellant.

*Roger G. Queen, District Attorney, J. Roger Thompson, Assistant District Attorney*, for appellee.