A92A2063. THE STATE v. GREENWOOD.
(424 SE2d 870)

BIRDSONG, Presiding Judge.

The State has filed a notice of direct appeal in this criminal case, erroneously under the authority of OCGA § 5-6-37, from the judgment on remittitur of the superior court, which decreed that the judgment of this court in *Greenwood v. State*, 203 Ga. App. 901 (418 SE2d 160), be made the judgment of the superior court. Thus, pursuant to our judgment in *Greenwood*, supra, the superior court adjudicated in its judgment on remittitur that defendant Richard Greenwood was not guilty due to insufficiency of the evidence as to Count I (criminal attempt to commit burglary) and Count II (possession of tools for commission of a crime) of the indictment, and ordered that defendant be retried as to Count III (theft by receiving stolen motor vehicle). The State asserts merely because the judgment line in *Greenwood*, supra (judgment affirmed in part and reversed in part), inadvertently created a discrepancy with the actual holding of this court as unequivocally reflected in the body of our opinion, that the trial court erred in not affirming appellant's conviction as to Count III of the indictment. *Held:*

In every case appealed to this court, we are required to examine the record to ensure that we possess the requisite jurisdiction. *Atlantic-Canadian Corp. v. Hammer &c. Assoc.*, 167 Ga. App. 257 (306 SE2d 22). Pretermitting the issue whether that portion of the order from which this appeal is taken is interlocutory and not final within the meaning of OCGA § 5-7-2 is the issue whether the State has authority to appeal this particular type of order in a criminal case in any event. "The authority of the State to appeal an adverse ruling in a criminal case is controlled by statute," specifically OCGA § 5-7-1.

*State v. McKenna*, 199 Ga. App. 206, 207 (404 SE2d 278). Construing the remedial provisions of OCGA § 5-7-1 liberally as we are required to do (*State v. Strickman*, 253 Ga. 287, 288 (319 SE2d 864)), we find that the State lacks statutory authority to appeal a judgment on remittitur on the grounds here asserted. Accordingly, we are without appellate jurisdiction and the appeal must be dismissed.

*Appeal dismissed. Beasley and Andrews, JJ., concur.*

DECIDED NOVEMBER 5, 1992.

*Roger Queen, District Attorney*, for appellant.
*Frank J. Petrella*, for appellee.

