**FOURTH DIVISION**
**DOYLE, P. J.,**
**ANDREWS and BOGGS, JJ.**

NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

June 20, 2012

# In the Court of Appeals of Georgia

A12A0292. BRADDY v. THE STATE.

ANDREWS, Judge.

We granted Calvin Braddy's application for interlocutory appeal of the trial court's order denying his motion to recuse. For reasons that follow we conclude that the trial court erred in not assigning this case to another judge to rule on the motion.

The record shows that Braddy, in two separate indictments, was charged with burglary and three counts of forgery in the first degree. After the judge to whom the case was first assigned, recused, the case was transferred to Judge Kathy S. Palmer. Braddy subsequently filed a motion to recuse Judge Palmer, claiming that she had *ex parte* conversations about his case and had voiced an opinion on what sentence she thought was appropriate for him before he ever appeared in front of her in court.

Defense counsel's affidavit, filed with the motion, stated that after he became aware that Judge Palmer may have formed an opinion about the case, he requested a meeting with Judge Palmer and the district attorney. At that meeting, Judge Palmer "recited several alleged facts of the case," and expressed her opinion that Braddy had lost his "moral compass" and had let people down who placed their trust in him; therefore, she was going to reject a joint recommendation of probation and was going to sentence Braddy to at least three years in prison. The affidavit further stated that when counsel asked Judge Palmer whether she had learned these facts in any evidentiary hearing, Palmer replied that she had not; rather, she had spoken about the case with Judge Reeves, the former judge in the case, and had spoken to Bob Ford, the lead investigator in the case.

Judge Palmer denied the motion to recuse. She found that the motion was timely and was legally sufficient, but was without merit. In the order, the judge stated that she did not have any *ex parte* communication with the lead investigator and she may have commented on the officer's involvement based on knowledge gained in her briefing by the previous judge. The judge also stated that her comments on the case were merely comments to an "unfamiliar practitioner" about the court's practices.

2

Defense counsel requested a certificate of immediate review to appeal the order. The trial court denied the request. Defense counsel filed an application without the certificate, which this Court granted.

1. We first address the issue of our jurisdiction. As a general rule, a certificate of immediate review is a prerequisite to appellate review of a non-final order. See OCGA § 5-6-34 (b). When no certificate of immediate review is obtained, and this Court does not grant permission to appeal, the case must be dismissed. *Calloway v. Calloway*, 161 Ga. App. 752 (289 SE2d 559) (1982).

We may, however, consider treating such orders under the collateral order doctrine. "The collateral order exception is to be applied if the order (1) resolves an issue that is 'substantially separate' from the basic issues to be decided at trial, (2) would result in the loss of an important right if review had to await final judgment, and (3) completely and conclusively decides the issue on appeal such that nothing in the underlying action can affect it." *Fulton County v. State*, 282 Ga. 570, 571 (651 SE2d 679) (2007).

The order in this case meets this test. It concerns a matter wholly unrelated to the basic issues to be decided in the criminal case. Whether the trial judge could properly preside over the case would be unresolved if review had to await final

3

judgment. Finally, the order resolves the matter completely and nothing remains in the underlying case to affect it. See Id. We therefore conclude that we have jurisdiction to consider Braddy's appeal. See generally, *Britt v. State*, 282 Ga. 746, 749 (653 SE2d 713) (2007) (discovery order directly appealable under the collateral order doctrine); *Fulton County v. State*, 282 Ga. 570, 571 (651 SE2d 679) (2007) (county may file a direct appeal from an order requiring it to pay a defendant's expenses in a murder case under the collateral order exception to the final judgment rule); *Scroggins v. Edmondson,* 250 Ga. 430, 431-432 (297 SE2d 469) (1982) (order cancelling notice of lis pendens is directly appealable as a collateral order); *Patterson v. State,* 248 Ga. 875, 876-877 (287 SE2d 7) (1982) (denial of plea in bar on double jeopardy grounds is a directly appealable collateral order).

2. Addressing the merits of the issue, Braddy contends that the trial court erred in denying his motion to recuse because, instead of taking the facts alleged in the affidavit as true, the court disputed the facts in its order. The State filed a brief in which it stated that it "has no argument or authorities contrary to that submitted by Appellant."

Uniform Superior Court Rule 25.3 reads:

4

When a judge is presented with a motion to recuse, or disqualify, accompanied by an affidavit, the judge shall temporarily cease to act upon the merits of the matter and shall immediately determine the timeliness of the motion and the legal sufficiency of the affidavit, and make a determination, assuming any of the facts alleged in the affidavit to be true, whether recusal would be warranted. If it is found that the motion is timely, the affidavit sufficient and that recusal would be authorized if some or all of the facts set forth in the affidavit are true, another judge shall be assigned to hear the motion to recuse. The allegations of the motion shall stand denied automatically. The trial judge shall not otherwise oppose the motion.

Thus, "the threshold inquiries concerning the motion to recuse are: "was the motion timely filed, were the affidavits supporting the motion legally sufficient, and did the affidavits aver facts that, when assumed to be true, would warrant the trial judge's recusal from hearing the case? If all three conditions precedent were met, the trial judge was required to refer the motion to another judge." *Mayor & Aldermen of City of Savannah v. Batson-Cook Co.*, Ga. (Case Number S11G1814, decided May 29, 2012).

In *City of Savannah*, the Georgia Supreme Court determined that our review of appeals from the denial of a motion to recuse is *de novo*:

USCR 25.3 does not authorize a discretionary determination on the part of the trial judge presented with a motion and affidavit to recuse—the Rule states that another judge shall be assigned to hear the recusal motion if the motion is timely, the affidavit legally sufficient, and the facts set forth in the affidavit, when taken as true, would authorize recusal. Deciding whether the motion is timely, whether the affidavit is legally sufficient, and whether the facts asserted authorize recusal under any of the factual scenarios set forth in OCGA § 15–1–8 and Canon 3E(1)[1] does not require the exercise of discretion; rather, they present questions of law, for which the appropriate standard of review is *de novo*." Id.

Here, the trial court held that the motion was "timely" and "legally sufficient in its form." The trial court then went on to dispute, as discussed above, the source of the comments and to defend the motive behind her comments on the defendant's behavior.

"To warrant disqualification of a trial judge the affidavit supporting the recusal motion must give fair support to the charge of a bent of mind that may prevent or impede impartiality of judgment." *Jones v. State,* 247 Ga. 268, 271(4), 275 SE2d 67 (1981). "Neither the truth of the [movant's] allegations nor the good faith of the

---

[1] Canon 3E (1) requires a judge to recuse in any proceeding in which the judge's impartiality might reasonably be questioned.

pleader may be questioned, regardless of the judge's personal knowledge to the contrary. The test is whether, *assuming the truth of the facts alleged,* a reasonable person would conclude that a personal as distinguished from a judicial bias exists." *State v. Fleming,* 245 Ga. 700, 702 (267 SE2d 207) (1980).

In the case before us, assuming all the facts as presented in the affidavit to be true, Braddy's motion to recuse is legally sufficient. "The affidavit met the criteria of USCR 25.2 because it contained definite and specific foundational facts of the trial judge's extra-judicial conduct demonstrating a purported lack of impartiality and [was] not stated in conclusory fashion or as a matter of opinion." *City of Savannah*, supra. Therefore, the trial court judge was required to assign another judge to hear the motion to recuse. Because the court did not do so, the order on the recusal motion must be vacated and the case remanded to the Superior Court of Washington County for disposition of the motion to recuse by a different judge. See *City of Savannah*, supra; *Gillis v. City of Waycross*, 247 Ga. App. 119, 122 (543 SE2d 423) (2000); *Butler v. Biven Software*, 222 Ga. App. 88, 93 (473 SE2d 168) (1996).

*Judgment vacated and case remanded with direction. Doyle, P. J., and Boggs, J., concur*.