**WHOLE COURT**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

**July 12, 2013**

# In the Court of Appeals of Georgia

A13A0206. MURPHY v. MURPHY.

McFADDEN, Judge.

Nancy Michelle Murphy appeals an interlocutory order denying her motion to recuse the trial court judge in this change-of-custody case. Because we lack jurisdiction, we dismiss the appeal.

Nancy Murphy and John Murphy were divorced in 2006. In 2012, John Murphy filed this action, seeking to modify the child custody provisions of the parties' divorce decree. The case was assigned to Judge A. Quillian Baldwin, Jr. Nancy Murphy moved to disqualify Judge Baldwin. Judge Baldwin denied the motion, and Nancy Murphy filed a notice of appeal. The case remains pending below.

"This [c]ourt has a duty to inquire into its jurisdiction to entertain each appeal." (Citation omitted.) *Hammonds v. Parks*, 319 Ga. App. 792, 793 (2) (735 SE2d 801)

(2012). Under the version of OCGA § 5-6-34 (a) (11) in effect when Nancy Murphy filed her notice of appeal, a party could file a direct appeal from "[a]ll judgments or orders in child custody cases including, but not limited to, awarding or refusing to change child custody. . . ." See generally *Collins v. Davis*, 318 Ga. App. 265, 268-269 & n. 17 (1) (733 SE2d 798) (2012) (holding that clear and unambiguous language of former OCGA § 5-6-34 (a) (11) authorized direct appeal of any order in proceeding in which child's legal custody, physical custody or visitation was an issue, and noting that it was for legislature to narrow scope of this right of direct appeal). Such orders were no longer subject to the interlocutory appeal procedures of OCGA § 5-6-34 (b) or the discretionary appeal procedures of OCGA § 5-6-35 (a) (2). See *Taylor v. Curl*, 298 Ga. App. 45 (679 SE2d 80) (2009).

Effective May 6, 2013, however, the legislature amended OCGA § 5-6-34 (a) (11) to provide that a party can file a direct appeal from "[a]ll judgments or orders in child custody cases awarding, refusing to change, or modifying child custody. . . ." SB 204 §§ 1, 2 (2013). The uncodified preamble to the amendment states that its purpose is "to limit the scope of judgments or orders in child custody cases which are subject to direct appeal." And although laws that affect substantive rights apply prospectively only, procedural laws, which prescribe the methods of enforcement of

2

rights, duties, and obligations, apply retroactively. *Nathans v. Diamond*, 282 Ga. 804, 808-809 (2) (654 SE2d 121) (2007). "[W]here a statute governs only procedure of the courts . . . it is to be given retroactive effect absent an expressed contrary intention." *Polito v. Holland*, 258 Ga. 54, 55 (2) (365 SE2d 273) (1988).

Nancy Murphy filed her notice of appeal from the order denying her motion to recuse. That order does not award, refuse to change, or modify child custody. Consequently, the order is not appealable under OCGA § 5-6-34 (a) (11), we lack jurisdiction, and the appeal must be dismissed. See *Stevens v. State*, 292 Ga. 218 (734 SE2d 743) (2012) (dismissing direct appeals from trial court's denial of the defendants' motions to dismiss the indictment due to an alleged constitutional speedy trial violation because eight days before, the Supreme Court had determined that such orders were no longer directly appealable but had to follow the interlocutory application procedures).

To the extent that Nancy Murphy argues that we have jurisdiction over her appeal because orders denying motions to recuse are directly appealable under the collateral order doctrine, we disagree. The Georgia Supreme Court has held that a party who wants to appeal a pretrial ruling on a recusal motion has the option to seek an interlocutory appeal or to appeal directly after an adverse final judgment See *White*

*v. Lumpkin*, 272 Ga. 398 (529 SE2d 879) (2000); *Chandler v. Davis*, 269 Ga. 727, 728 (504 SE2d 440) (1998). We, too, have held that the appeal of an interlocutory order denying a motion to recuse "requires compliance with the interlocutory appeal provisions of OCGA § 5-6-34 (b)." (Citation omitted.) *Ellis v. Stanford*, 256 Ga. App. 294, 295 (2) (568 SE2d 157) (2002). See also *Rolleston v. Glynn County Bd. of Tax Assessors*, 213 Ga. App. 552, 553 (445 SE2d 345) (1994); *In re Booker*, 186 Ga. App. 614 (367 SE2d 850) (1988).

In fact, the interlocutory appeal provision of OCGA § 5-6-34 (b) explicitly provides that:

> Where the trial judge in rendering an order, decision, or judgment, not otherwise subject to direct appeal, *including but not limited to the denial of a defendant's motion to recuse in a criminal case*, certifies within ten days of entry thereof that the order, decision, or judgment is of such importance to the case that immediate review should be had, the Supreme Court or the Court of Appeals may thereupon, in their respective discretions, permit an appeal to be taken from the order, decision, or judgment if application is made thereto within ten days after such certificate is granted.

(Emphasis supplied.)

Nonetheless, in *Braddy v. State*, 316 Ga. App. 292 (729 SE2d 461) (2012), without acknowledging the prior cases or the language of OCGA § 5-6-34 (b), we held that an order denying a motion to recuse met the requirements for application of the collateral order doctrine because the ruling

> concern[ed] a matter wholly unrelated to the basic issues to be decided in the [underlying] case. Whether the trial judge could properly preside over the case would be unresolved if review had to await final judgment. Finally, the order resolve[d] the matter completely and nothing remain[ed] in the underlying case to affect it.

Id. at 293 (1). This holding misapplied the collateral order doctrine and directly conflicted with OCGA § 5-6-34 (b)'s explicit inclusion of "the denial of a defendant's motion to recuse in a criminal case" in the category of orders needing a certificate of immediate review, thereby rendering the provision meaningless.

In *Scroggins v. Edmondson*, 250 Ga. 430, 431-432 (1) (c) (297 SE2d 469) (1982), our Supreme Court adopted the test from *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541 (69 SCt 1221, 93 LE 1528) (1949), for determining whether an order falls within the collateral order doctrine. Under that test, the collateral order doctrine applies if the order (1) completely and conclusively decides the issue on appeal such that nothing in the underlying action can affect it; (2) resolves an issue

5

that is substantially separate from the basic issues in the complaint; and (3) might result in the loss of an important right if review had to await final judgment, making the order effectively unreviewable on appeal. See *Scroggins*, 250 Ga. at 432 (1) (c). *Braddy* misapplied the "effectively unreviewable" prong of the test.

In *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368 (101 SCt 669, 66 LEd2d 571) (1981), the United States Supreme Court stressed the stringency of the "effectively unreviewable" prong of the *Cohen* test: "To be appealable as a final collateral order, the challenged order must constitute a complete, formal, and, in the trial court, final rejection, of a claimed right where denial of immediate review would *render impossible any review whatsoever.*" (Emphasis supplied; citations and punctuation omitted.) Id. at 376. In *Braddy*, we held that this prong was satisfied because "[w]hether the trial judge could properly preside over the case would be unresolved if review had to await final judgment." *Braddy*, 316 Ga App. at 293 (1). But orders denying motions to recuse may be reviewed and relief afforded after the entry of final judgment. In *Johnson v. State*, 278 Ga. 344, 349 (3) (602 SE2d 623) (2004), for example, the Supreme Court reversed a defendant's convictions for felony murder and related crimes because the trial court should have granted her motion to recuse. In *Gillis v. City of Waycross*, 247 Ga. App. 119, 122 (543 SE2d 423) (2000),

6

an appeal of a final judgment entered after a three-day trial, we remanded the case so that a different judge could consider the plaintiffs' motion to recuse. Because review after entry of final judgment of orders denying motions to recuse can protect parties' interests adequately, such orders are not appealable as collateral orders. And to hold otherwise ignores the explicit language of OCGA § 5-6-34 (b). We therefore overrule *Braddy*, 316 Ga. App. at 292.

Other courts that have considered the issue generally have held that the collateral order exception to the final judgment rule does not encompass an order denying a motion to recuse because the parties' interests can be protected adequately in an appeal from a final judgment. See, e.g., *In re Martinez-Catala*, 129 F.3d 213, 217 (II) (1st Cir. 1997); *In re Corrugated Container Antitrust Litigation*, 614 F.2d 958, 960-961 (I) (5th Cir. 1980); *State of Florida v. Countrywide Truck Ins. Agency*, 703 NW2d 905 (Neb. 2005); *State v. Forte*, 553 A.2d 564, 565 (Vt. 1988); *Kreig v. Krieg*, 743 A2d 509, 511 & n.4 (Pa. Super. 1999). In other words, because recusal questions are fully reviewable on appeal from a final judgment, the collateral order doctrine does not apply.

*Appeal dismissed. Phipps, C.J., Andrews, P.J., Barnes, P.J., Ellington, P.J., Doyle, P.J., Miller, Dillard, Boggs, Ray, Branch and McMillian, JJ., concur.*