**FIRST DIVISION**
**PHIPPS, C. J.,**
**ELLINGTON, P. J., and MCMILLIAN, J.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

**February 12, 2015**

# In the Court of Appeals of Georgia

A14A1975. THE STATE v. OSBORNE.

PHIPPS, Chief Judge.

Before Corey Osborne's arraignment in Paulding County Superior Court Case No. 14-CR-000256, the district attorney filed a motion to recuse the judge assigned to the case. Without referring the motion for a hearing before a different judge, the assigned judge dismissed the motion, concluding that it was "legally insufficient on its face." The state appeals, contending that the motion to recuse "should have been heard by a different [j]udge." For the following reasons, this appeal is dismissed.

In its appeal brief, the state acknowledges that pursuant to OCGA §§ 5-7-1 and 5-7-2, it was required to obtain a certificate of immediate review to appeal the trial court's ruling; but the state apparently did not attempt to obtain the certificate in this

case, asserting that "under circumstances such as the one in this case[1] it would be impossible for the State to procure a certificate of immediate review." Thus, the state "seeks to invoke jurisdiction of this Court pursuant to the 'collateral order' doctrine."[2] The state argues that if "strict construction of the State's right to appeal trumps the

---

[1] In its "Motion to Recuse Assigned Judge," the state asserted, based upon an attached affidavit, that "a fair minded and impartial person would have a reasonable perception that [the trial court judge] lacks impartiality toward the District Attorney, affiant, who is the Chief Assistant District Attorney, and the Office of the District Attorney." In the affidavit, the Chief Assistant District Attorney averred that within a period of less than two months, the trial judge had reluctantly recused from a criminal case upon the state's motion after it was discovered that the judge had given a ride in his vehicle to the defendant in the case which was pending before the judge; the judge had signed an order ex parte, suppressing evidence in another criminal case, and later denied the state's motion to recuse from the case; the judge had made comments intending to be sarcastic toward and to embarrass the District Attorney's Office, after the prosecutor asked that all matters in which the state was represented by the District Attorney be taken down by a court reporter; the judge had stated that because his court reporter was "less happy" with having to take down all matters in which the state was represented by the District Attorney, the judge was "unhappy" too; and the judge refused to conduct a hearing when the court reporter was not present to take down a matter as to whether an applicant qualified as indigent, and where the prosecutor in the courtroom "indicated that a court reporter was not necessary since the State took no position on the matter."

[2] See *State v. Gober*, 229 Ga. App. 700 (494 SE2d 724) (1997) ("[T]he 'collateral order' doctrine . . . permits *direct review* of an order even though an action remains pending below.") (punctuation omitted; emphasis supplied), citing *Scroggins v. Edmondson*, 250 Ga. 430, 431 (1) (c) (297 SE2d 469) (1982).

collateral order doctrine, . . . the State's right to due process is subject to infringement and . . . there would be no possible review after acquittal."

1. The order is not reviewable pursuant to the statutory provisions governing the state's appeal of the denial of a motion to recuse a judge, because the case is still pending in the court below and the state failed to obtain a certificate of immediate review from the trial court and failed to obtain permission to file an interlocutory appeal from this court.

In *State v. Martin*,[3] the Supreme Court of Georgia recognized that "[t]here is no right to appeal granted by either the State or Federal Constitutions to . . . the defendant or the State in criminal cases. Instead, the right to appeal depends upon statute."[4] The Supreme Court also recognized that "the State may not appeal *any* issue in a criminal case, whether by direct or discretionary appeal, unless that issue is listed in OCGA § 5-7-1."[5] Although the denial of a motion by the state to recuse a judge is listed in OCGA § 5-7-1 (a) (9) as a decision the state may appeal, the state is not

---

[3] 278 Ga. 418 (603 SE2d 249) (2004).

[4] Id. at 418-419 (citation omitted).

[5] Id. at 419 (emphasis in original); see *State v. Greenwood*, 206 Ga. App. 188 (424 SE2d 870) (1992) ("The authority of the State to appeal an adverse ruling in a criminal case is controlled by statute, specifically OCGA § 5-7-1.").

exempt from the requirement of obtaining a certificate of immediate review from the trial court and obtaining permission to file an interlocutory appeal from this court in order to appeal such an order.[6] OCGA § 5-7-2 (b)[7] exempts several types of orders, decisions, and judgments listed in OCGA § 5-7-1 (a) from the requirement of obtaining a certificate of immediate review, but a state's appeal from the denial of a motion to recuse a judge is not one of them.

Moreover, OCGA § 5-7-2 (c)[8] specifically provides that "For purposes of this Code section, the granting of a motion for new trial or an extraordinary motion for new trial shall be considered a final order," (and, pursuant to OCGA § 5-7-2 (a), an order, decision, or judgment that is final is directly appealable); but it sets forth no such provision for the denial of a motion to recuse a judge. In *Ritter v. State*,[9] the Supreme Court stated that "a decision on the recusal of the trial judge is an

---

[6] See *Martin*, supra ("OCGA § 5-7-2 . . . describes which of those matters [appealable by the State under OCGA § 5-7-1] are appealable by direct appeal and which are appealable by discretionary appeal.").

[7] Subsection (b) of OCGA § 5-7-2 was enacted in 2011, by Ga. L. 2011, pp. 612-613, § 1.

[8] Subsection (c) of OCGA § 5-7-2 was enacted in 2011, by Ga. L. 2011, pp. 612-613, § 1.

[9] 269 Ga. 884 (506 SE2d 857) (1998).

4

interlocutory matter that can never dispose of a criminal case," as the trial court has rendered no decision that "either expressly or implicitly resolves the case by preventing further prosecution of the criminal charge in superior court."[10]

In this case, the state acknowledges in its appeal brief that subsequent to the 2004 *Martin* decision, the Georgia General Assembly amended OCGA § 5-7-1 and added the denial of a state's motion to recuse a judge to the list of appealable matters,[11] and that the General Assembly "has not, however, to this date," amended OCGA § 5-7-2 to designate the denial of a state's motion to recuse a judge as an order, decision, or judgment not requiring the trial judge to certify the ruling for immediate review. OCGA § 5-7-2 has been amended three times - in 2011, 2012, and 2013.[12] "[I]n ascertaining the purpose of legislation, courts may look to the history of the legislation on the subject matter of the particular statute."[13] In doing so here, we conclude that the relevant statutory history provides firm support for the conclusion

---

[10] Id. at 885-886 (2).

[11] Ga. L. 2005, pp. 20, 23, § 3.

[12] See Ga. L. 2011, pp. 612-613, § 1; Ga. L. 2012, pp. 899, 901, Part I § 1-2; Ga. L. 2013, pp. 222, 225, § 2.

[13] *Ga. Mental Health Institute v. Brady*, 263 Ga. 591, 592 (2) (a) (436 SE2d 219) (1993) (citation omitted).

5

that the General Assembly has decided that the state's appeal from the denial of a

motion to recuse a judge is reviewable under the interlocutory appeal procedure.[14]

Compliance with the applicable statutory provisions is considered an absolute

requirement to confer jurisdiction on an appellate court to hear an appeal, and courts

have "no authority to create equitable exceptions to such jurisdictional requirements

imposed by statute."[15] Furthermore, the state has not shown that compliance with the

statutory requirement for appeal should be excused, as "necessary to avoid or remedy

---

[14] See *State v. Ware*, 282 Ga. 676, 678 (653 SE2d 21) (2007) ("The general statute governing interlocutory appeals is applicable whenever the defendant seeks review of an interlocutory order. OCGA § 5-6-34 (b) (amended by Ga. L. 2005, pp. 20, 21, § 2). However, appeals from the grant of a new trial in favor of a criminal defendant and from the denial of the State's motion to recuse are governed by OCGA § 5-7-1 et seq. Prior to the 2005 amendment to OCGA § 5-7-1, those orders, unlike the denial of a defendant's motion to recuse, were not subject to any appeal, whether interlocutory or direct. The [Criminal Justice Act of 2005] plainly provides that an appeal may be taken by the State from the grant of a new trial or the denial of a motion to recuse, but just as clearly refrains from adding any new exception whatsoever to the requirement for a certificate of immediate review in OCGA § 5-7-2."); but see *State v. Caffee*, 291 Ga. 31, 33 (2) (728 SE2d 171) (2012) ("In 2011, the Georgia General Assembly amended OCGA § 5-7-2 to eliminate the certificate requirement when the State appeals the superior court's grant of a new trial in favor of a criminal defendant.").

[15] *Gable v. State*, 290 Ga. 81, 82, 85 (2) (a), (b) (720 SE2d 170) (2011) (citation and punctuation omitted); see *Sosniak v. State*, 292 Ga. 35, 44, n. 4 (734 SE2d 362) (2012).

a constitutional violation concerning the appeal,"[16] or that the circumstances attendant in this case "rise[ ] to a constitutional level."[17]

2. The state does not cite any Georgia case whereby jurisdiction has been conferred upon either this court or the Supreme Court in a state's appeal of a criminal case pursuant to the collateral order doctrine,[18] and we found none.[19] Indeed, "[t]he

---

[16] *Gable*, supra at 85 (2) (b).

[17] *Caperton v. A. T. Massey Coal Co.,* 556 U. S. 868, 872, 876, 877-878, 880, 884-885, 886-887 (II) (A), (B), III (129 SCt 2252, 173 LE2d 1208) (2009) (holding that "most matters relating to judicial disqualification do not rise to a constitutional level," but that under the "extreme facts," of this case, which included the fact of an exceptionally large campaign contribution, due process required disqualification and was violated by trial judge's refusal to recuse himself; the Due Process Clause also required recusal when a judge had a direct pecuniary interest in the outcome of the case, and in the criminal contempt context, when a judge had no pecuniary interest in the case but was challenged because of a conflict arising from his participation in an earlier proceeding); see *Gude v. State*, 289 Ga. 46, 50 (2) (c) (709 SE2d 206) (2011).

[18] See *Murphy v. Murphy*, 322 Ga. App. 829, 831 (747 SE2d 21) (2013) ("[T]he collateral order doctrine applies if the order (1) completely and conclusively decides the issue on appeal such that nothing in the underlying action can affect it; (2) resolves an issue that is substantially separate from the basic issues in the complaint; and (3) might result in the loss of an important right if review had to await final judgment, making the order effectively unreviewable on appeal.") (citations omitted).

[19] Compare *Braddy v. State*, 316 Ga. App. 292-293 (1) (729 SE2d 461) (2012) (concluding that pursuant to the collateral order doctrine appellate court had jurisdiction to consider criminal *defendant's appeal* from the denial of his motion to recuse the trial judge), overruled by *Murphy*, supra at 832 (holding that the collateral

7

authority of the State to appeal an adverse ruling in a criminal case is controlled by statute;"[20] OCGA § 5-7-2 describes which of those matters appealable by the state under OCGA § 5-7-1 are appealable by direct appeal and which are appealable by discretionary appeal.[21] And the Georgia Supreme Court has specifically stated that "appeals from the . . . denial of the State's motion to recuse are governed by OCGA § 5-7-1 et seq."[22] The state's reliance on *Commonwealth v. Stevenson*,[23] a Pennsylvania case, is misplaced. Besides the fact that this court is not bound by the holding in that Pennsylvania case, in *Commonwealth*, the Pennsylvania rules of appellate procedure specifically provided that "[a]n appeal may be taken as of right from a collateral order of an administrative agency or lower court."[24] The state has not

---

order exception to the final judgment rule does not encompass an order denying a motion to recuse the trial court judge); *Fulton County v. State*, 282 Ga. 570-571 (1) (651 SE2d 679) (2007) (county could file a direct appeal from an order requiring it to pay a defendant's expenses in a murder case under the collateral order exception to the final judgment rule in OCGA § 5-6-34 (a) (1)).

[20] *Greenwood*, supra.

[21] *Martin*, supra.

[22] *Ware*, supra.

[23] 829 A2d 701 (2003).

[24] Id. at 704.

cited any such Georgia rule or statutory provision,[25] and we decline to apply the collateral order doctrine to this state's appeal when a procedure to appeal the type of order at issue is expressly provided for by statute but was not followed in this case. Applying the collateral order doctrine would render meaningless those parts of the existing statutory scheme which govern the state's appeal of the denial of a motion to recuse a judge.[26]

The Supreme Court and this court have held that "the statutes providing for appeals by the State in criminal cases should be construed strictly against the State."[27] "The State having failed to obtain a certificate of immediate review pursuant to

---

[25] See *Scroggins*, supra (explaining that in *Patterson v. State*, 248 Ga. 875 (287 SE2d 7) (1982), the Supreme Court adopted the "collateral order" exception to the final judgment rule announced in *Cohen v. Beneficial Industrial Loan Corp.*, 337 U. S. 541 (69 SCt 1221, 93 LE 1528) (1949)).

[26] See *Scott v. State*, 295 Ga. 39, 40 (1) (757 SE2d 106) (2014) ("a statute is to be construed to give sensible and intelligent effect to all its provisions and to refrain from any interpretation which renders any part of the statute meaningless.") (citation and punctuation omitted); *Ware*, supra.

[27] *Martin*, supra at 419; see *State v. Lynch*, 286 Ga. 98, 103 (686 SE2d 244) (2009) ("OCGA §§ 5-7-1 et seq. must be construed strictly against the State and liberally in favor of the interests of defendants."); *Ware*, supra at 677 ("OCGA §§ 5-7-1 and 5-7-2 must be strictly construed against the State.").

9

OCGA § 5-7-2, the attempted appeal is nugatory and does not activate the appellate jurisdiction of this court. Accordingly we must dismiss the [S]tate's appeal."[28]

*Appeal dismissed. McMillian, J., concurs. Ellington, P.J., concurs fully and specially.*

---

[28] *Ware*, supra at 678 (citation and punctuation omitted).

A14A1975. THE STATE v. OSBORNE.

ELLINGTON, Presiding Judge, concurring specially.

I concur fully in the majority opinion. I write separately to point out that the General Assembly's failure to include an order denying a motion by the State to recuse or disqualify a judge as set forth in OCGA § 5-7-1 (a) (9) among those classes of cases for which a certificate of immediate review shall not be required pursuant to OCGA § 5-7-2 (b) may have been an oversight. The requirement that a certificate of immediate review be obtained from the trial court before appealing such an order raises the specter that a recalcitrant judge could entirely thwart the right of appeal the legislature intended to grant in enacting OCGA § 5-7-1 (a) (9). See *State v. Evans*, 282 Ga. 63, 64 (646 SE2d 77) (2007) ("OCGA § 5-7-1 (a) does not purport to authorize the State to appeal a judgment of acquittal[.]"); *State v. Morrell*, 281 Ga.

152, 153 (2) (635 SE2d 716) (2006) (Because the State cannot appeal after an acquittal, it can "never seek to rectify an incorrect suppression order if a defendant is acquitted[.]" For this reason, the legislature granted the State the right to an immediate appeal of suppression orders, "so that an error committed by a trial judge, which otherwise might work a miscarriage of justice, can be corrected on appeal, and before attachment of jeopardy.") (punctuation and footnote omitted).[1] The remedy for any such oversight, however, lies with the General Assembly. See *State v. Evans*, 282 Ga. at 65 (The creation of any right of appeal for the State "is a function for the General Assembly," not for the courts.).

---

[1] Cf. *State v. Varner*, 277 Ga. 433, 436 (589 SE2d 111) (2003) (The State was authorized to appeal from an acquittal entered after a mistrial on the last day of the term of court, because the defendant's demand for trial operated to secure him a trial at the next regular term of court.); *Chambers v. State*, 262 Ga. 200, 201-202 (1), (2), (3) (415 SE2d 643) (1992) (The State was authorized to appeal after acquittal where the trial court lacked jurisdiction to try the accused when it entered a directed verdict of acquittal and therefore any proceeding so conducted in the trial court was coram non judice and void.).