Phipps, Chief Judge.
Before Corey Osborne’s arraignment in Paulding County Superior Court Case No. 14-CR-000256, the district attorney filed a motion to recuse the judge assigned to the case. Without referring the motion for a hearing before a different judge, the assigned judge dismissed the motion, concluding that it was “legally insufficient on its face.” The state appeals, contending that the motion to recuse “should have been heard by a different [j]udge.” For the following reasons, this appeal is dismissed.
In its appeal brief, the state acknowledges that pursuant to OCGA §§ 5-7-1 and 5-7-2, it was required to obtain a certificate of immediate review to appeal the trial court’s ruling; but the state apparently did not attempt to obtain the certificate in this case, asserting that “under circumstances such as the one in this case[1] it would be impossible for the State to procure a certificate of immediate review.” Thus, the state *689 “seeks to invoke jurisdiction of this Court pursuant to the ‘collateral order’ doctrine.” [2] The state argues that if “strict construction of the State’s right to appeal trumps the collateral order doctrine, . . . the State’s right to due process is subject to infringement and . . . there would be no possible review after acquittal.”
1. The order is not reviewable pursuant to the statutory provisions governing the state’s appeal of the denial of a motion to recuse a judge, because the case is still pending in the court below and the state failed to obtain a certificate of immediate review from the trial court and failed to obtain permission to file an interlocutory appeal from this court.
In State v. Martin,[3] the Supreme Court of Georgia recognized that “[t]here is no right to appeal granted by either the State or Federal Constitutions to . . . the defendant or the State in criminal cases. Instead, the right to appeal depends upon statute.”[4] The Supreme Court also recognized that “the State may not appeal any issue in a criminal case, whether by direct or discretionary appeal, unless that issue is listed in OCGA § 5-7-1.”[5] Although the denial of a motion by the state to recuse a judge is listed in OCGA § 5-7-1 (a) (9) as a decision the state may appeal, the state is not exempt from the requirement of obtaining a certificate of immediate review from the trial court and obtaining permission to file an interlocutory appeal from this court in order to appeal such an order.[6] OCGA § 5-7-2 (b)[7] exempts several types of orders, decisions, and judgments listed in OCGA § 5-7-1 (a) from the requirement of obtaining a certificate of immediate review, but a state’s appeal from the denial of a motion to recuse a judge is not one of them.
Moreover, OCGA § 5-7-2 (c)[8] specifically provides that “[f]or purposes of this Code section, the granting of a motion for new trial *690 or an extraordinary motion for new trial shall be considered a final order,” (and, pursuant to OCGA § 5-7-2 (a), an order, decision, or judgment that is final is directly appealable); but it sets forth no such provision for the denial of a motion to recuse a judge. In Ritter v. State,[9] the Supreme Court stated that “a decision on the recusal of the trial judge is an interlocutory matter that can never dispose of a criminal case,” as the trial court has rendered no decision that “either expressly or implicitly resolves the case by preventing further prosecution of the criminal charge in superior court.”[10]
In this case, the state acknowledges in its appeal brief that subsequent to the 2004 Martin decision, the Georgia General Assembly amended OCGA § 5-7-1 and added the denial of a state’s motion to recuse a judge to the list of appealable matters,[11] and that the General Assembly “has not, however, to this date,” amended OCGA § 5-7-2 to designate the denial of a state’s motion to recuse a judge as an order, decision, or judgment not requiring the trial judge to certify the ruling for immediate review. OCGA § 5-7-2 has been amended three times — in 2011, 2012, and 2013.[12] “[I]n ascertaining the purpose of legislation, courts may look to the history of the legislation on the subject matter of the particular statute.”[13] In doing so here, we conclude that the relevant statutory history provides firm support for the conclusion that the General Assembly has decided that the state’s appeal from the denial of a motion to recuse a judge is reviewable under the interlocutory appeal procedure.[14]
Compliance with the applicable statutory provisions is considered an absolute requirement to confer jurisdiction on an appellate *691 court to hear an appeal, and courts have “no authority to create equitable exceptions to [such] jurisdictional requirements imposed by statute.”[15] Furthermore, the state has not shown that compliance with the statutory requirement for appeal should be excused, as “necessary to avoid or remedy a constitutional violation concerning the appeal,”[16] or that the circumstances attendant in this case “rise to a constitutional level.”[17]
2. The state does not cite any Georgia case whereby jurisdiction has been conferred upon either this court or the Supreme Court in a state’s appeal of a criminal case pursuant to the collateral order doctrine,[18] and we found none.[19] Indeed, “[t]he authority of the State to appeal an adverse ruling in a criminal case is controlled by statute”;[20] OCGA § 5-7-2 describes which of those matters appeal-able by the state under OCGA § 5-7-1 are appealable by direct appeal and which are appealable by discretionary appeal.[21] And the Supreme Court of Georgia has specifically stated that “appeals from the . . . denial of the State’s motion to recuse are governed by OCGA § 5-7-1 et seq.”[22] The state’s reliance on Commonwealth v. Stevenson,[23] a *692 Pennsylvania case, is misplaced. Besides the fact that this court is not bound by the holding in that Pennsylvania case, in Commonwealth, the Pennsylvania rules of appellate procedure specifically provided that “[a]n appeal maybe taken as of right from a collateral order of an administrative agency or lower court.”[24] The state has not cited any such Georgia rule or statutory provision,[25] and we decline to apply the collateral order doctrine to this state’s appeal when a procedure to appeal the type of order at issue is expressly provided for by statute but was not followed in this case. Applying the collateral order doctrine would render meaningless those parts of the existing statutory scheme which govern the state’s appeal of the denial of a motion to recuse a judge.[26]
The Supreme Court and this court have held that “the statutes providing for appeals by the State in criminal cases should be construed strictly against the State.”[27] “The State having failed to obtain a certificate of immediate review pursuant to OCGA § 5-7-2, the attempted appeal is nugatory and does not activate the appellate jurisdiction of this court. Accordingly we must dismiss the (S)tate’s appeal.”[28]

Appeal dismissed.

McMillian, J., concurs. Ellington, P. J., concurs fully and specially.

 In its “Motion to Recuse Assigned Judge,” the state asserted, based upon an attached affidavit, that “a fair minded and impartial person would have a reasonable perception that [the trial court judge] lacks impartiality toward the District Attorney, affiant, who is the Chief Assistant District Attorney, and the Office of the District Attorney.” In the affidavit, the Chief Assistant District Attorney averred that within a period of less than two months, the trial judge had reluctantly recused from a criminal case upon the state’s motion after it was discovered that the judge had given a ride in his vehicle to the defendant in the case which was pending before the judge; the judge had signed an order ex parte, suppressing evidence in another criminal case, and later denied the state’s motion to recuse from the case; the judge had made comments intending to be sarcastic toward and to embarrass the District Attorney’s Office, after the prosecutor asked that all matters in which the state was represented by the District Attorney be taken down by a court reporter; the judge had stated that because his court reporter was ‘less happy with having to take down all matters in which the state was represented by the District Attorney, the judge was “unhappy too; and the judge refused to conduct a hearing when the court reporter was not present to take down a matter as to whether an applicant qualified as *689 indigent, and where the prosecutor in the courtroom “indicated that a court reporter was not necessary since the State took no position on the matter.”

 See State v. Gober, 229 Ga. App. 700 (494 SE2d 724) (1997) (“[T]he ‘collateral order’ doctrine ... permits direct review of an order even though an action remains pending below.”) (punctuation omitted; emphasis supplied), citing Scroggins v. Edmondson, 250 Ga. 430, 431 (1) (c) (297 SE2d 469) (1982).

 278 Ga. 418 (603 SE2d 249) (2004).

 Id. at 418-419 (citation omitted).

 Id. at 419 (emphasis in original); see State v. Greenwood, 206 Ga. App. 188 (424 SE2d 870) (1992) (“The authority of the State to appeal an adverse ruling in a criminal case is controlled by statute, specifically OCGA § 5-7-1.”).

 See Martin, supra (“OCGA § 5-7-2... describes which of those matters [appealable by the State under OCGA § 5-7-1] are appealable by direct appeal and which are appealable by discretionary appeal.”).

 Subsection (b) of OCGA § 5-7-2 was enacted in 2011, by Ga. L. 2011, pp. 612-613, § 1.

 Subsection (c) of OCGA § 5-7-2 was enacted in 2011, by Ga. L. 2011, pp. 612-613, § 1.

 269 Ga. 884 (506 SE2d 857) (1998).

 Id. at 885-886 (2).

 Ga. L. 2005, pp. 20, 23, § 3.

 See Ga. L. 2011, pp. 612-613, § 1; Ga. L. 2012, pp. 899, 901, § 1-2; Ga. L. 2013, pp. 222, 225, § 2.

 Ga. Mental Health Institute v. Brady, 263 Ga. 591, 592 (2) (a) (436 SE2d 219) (1993) (citation omitted).

 See State v. Ware, 282 Ga. 676, 678 (653 SE2d 21) (2007) (“The general statute governing interlocutory appeals is applicable whenever the defendant seeks review of an interlocutory order. OCGA § 5-6-34 (b) (amended by Ga. L. 2005, pp. 20, 21, § 2). However, appeals from the grant of a new trial in favor of a criminal defendant and from the denial of the State’s motion to recuse are governed by OCGA § 5-7-1 et seq. Prior to the 2005 amendment to OCGA § 5-7-1, those orders, unlike the denial of a defendant’s motion to recuse, were not subject to any appeal, whether interlocutory or direct. The [Criminal Justice Act of 2005] plainly provides that an appeal may be taken by the State from the grant of a new trial or the denial of a motion to recuse, but just as clearly refrains from adding any new exception whatsoever to the requirement for a certificate of immediate review in OCGA § 5-7-2.”); but see State v. Caffee, 291 Ga. 31, 33 (2) (728 SE2d 171) (2012) (“In 2011, the Georgia General Assembly amended OCGA § 5-7-2 to eliminate the certificate requirement when the State appeals the superior court’s grant of a new trial in favor of a criminal defendant.”).

 Gable v. State, 290 Ga. 81, 82, 85 (2) (a), (b) (720 SE2d 170) (2011) (citation and punctuation omitted); see Sosniak v. State, 292 Ga. 35, 44, n. 4 (734 SE2d 362) (2012).

 Gable, supra at 85 (2) (b).

 Caperton v. A. T. Massey Coal Co., 556 U. S. 868, 872, 876, 877-878, 880, 884-885, 886-887 (II) (A), (B), (III) (129 SCt 2252, 173 LE2d 1208) (2009) (holding that “most matters relating to judicial disqualification do not rise to a constitutional level,” hut that under the “extreme facts,” of this case, which included the fact of an exceptionally large campaign contribution, due process required disqualification and was violated by the trial judge’s refusal to recuse himself; the Due Process Clause also required recusal when a judge had a direct pecuniary interest in the outcome of the case, and in the criminal contempt context, when a judge had no pecuniary interest in the case but was challenged because of a conflict arising from his participation in an earlier proceeding) (citation and punctuation omitted); see Gude v. State, 289 Ga. 46, 50 (2) (c) (709 SE2d 206) (2011).

 See Murphy v. Murphy, 322 Ga. App. 829, 831 (747 SE2d 21) (2013) (“[T]he, collateral order doctrine applies if the order (1) completely and conclusively decides the issue on appeal such that nothing in the underlying action can affect it; (2) resolves an issue that is substantially separate from the basic issues in the complaint; and (3) might result in the loss of an important right if review had to await final judgment, making the order effectively unreviewable on appeal.”) (citations and punctuation omitted).

 Compare Braddy v. State, 316 Ga. App. 292-293 (1) (729 SE2d 461) (2012) (concluding that pursuant to the collateral order doctrine appellate court had jurisdiction to consider criminal defendant’s appeal from the denial of his motion to recuse the trial judge), overruled by Murphy, supra at 832 (holding that the collateral order exception to the final judgment rule does not encompass an order denying a motion to recuse the trial court judge); Fulton County v. State, 282 Ga. 570-571 (1) (651 SE2d 679) (2007) (county could file a direct appeal from an order requiring it to pay a defendant’s expenses in a murder case under the collateral order exception to the final judgment rule in OCGA § 5-6-34 (a) (1)).

 Greenwood, supra.

 Martin, supra.

 Ware, supra.

 829 A2d 701(2003).

 Id. at 704.

 See Scroggins, supra (explaining that in Patterson v. State, 248 Ga. 875 (287 SE2d 7) (1982), the Supreme Court adopted the “collateral order” exception to the final judgment rule announced in Cohenv. Beneficial Industrial Loan Corp., 337 U. S. 541 (69 SCt 1221, 93 LE 1528) (1949)).

 See Scott v. State, 295 Ga. 39, 40 (1) (757 SE2d 106) (2014) (“a statute is to be construed to give sensible and intelligent effect to all its provisions and to refrain from any interpretation which renders any part of the statute meaningless.”) (citation and punctuation omitted); Ware, supra.

 Martin, supra at 419; see State v. Lynch, 286 Ga. 98, 103 (686 SE2d 244) (2009) (“OCGA § 5-7-1 et seq. must he construed strictly against the State and liberally in favor of the interests of defendants.”); Ware, supra at 677 (“OCGA §§ 5-7-1 and 5-7-2 must he strictly construed against the State.”).

 Ware, supra at 678 (citation and punctuation omitted).