# Court of Appeals
# of the State of Georgia

ATLANTA,___ August 10, 2015_____

*The Court of Appeals hereby passes the following order:*

## A15I0258.  STATE OF GEORGIA v. JARVIS TAYLOR.

The State filed a motion to recuse the trial judge in this criminal case based upon comments she made during jury instructions at the close of the evidence.  The judge denied the motion, as well as the State's subsequent motion for reconsideration.  Taylor was later convicted and sentenced, after which he filed a motion for new trial that remains pending below.  The State then filed a renewed motion to recuse, which the trial judge denied.  At the State's request, the judge certified her order for immediate review, and the State filed this interlocutory application.  We, however, lack jurisdiction.

"There is no right to appeal granted by either the State or Federal Constitutions to . . . the State in criminal cases.  Instead, the right to appeal depends upon statute." *State v. Martin*, 278 Ga. 418, 418-419 (603 SE2d 249) (2004) (citation and punctuation omitted). "[T]he State may not appeal *any* issue in a criminal case, whether by direct or discretionary appeal, unless that issue is listed in OCGA § 5-7-1." *State v. Osborne*, 330 Ga. App. 688, 689 (1) (769 SE2d 115) (2015) (citation and punctuation omitted); see also *State v. Johnson*, 292 Ga. 409, 410-411 (738 SE2d 86) (2013).

Under OCGA § 5-7-1 (a) (9), the State may appeal "[f]rom an order, decision, or judgment denying a motion by the state to recuse or disqualify a judge *made and ruled upon prior to the defendant being put in jeopardy*."[1]  (Emphasis supplied.)  "A

---

[1] Such an appeal must comply with the interlocutory appeal procedures, which the State followed here.  See *Osborne*, supra at 689-690.

defendant is placed in jeopardy when, in a court of competent jurisdiction with a sufficient indictment, he has been arraigned, has pled and a jury has been impaneled and sworn." *Herrington v. State*, 315 Ga. App. 101, 102 (1) (726 SE2d 625) (2012) (citation and punctuation omitted). Here, the State filed its renewed motion to recuse long after Taylor had been put in jeopardy – indeed, after he had been convicted.[2] Thus, the order denying the motion does not fall within OCGA § 5-7-1 (a) (9), and the State has no right to appeal it.

This application is accordingly DISMISSED for lack of jurisdiction.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,*_____08/10/2015_____
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____, *Clerk.*

_____

[2] The State's first motion to recuse also was filed after Taylor had been put in jeopardy.