# Court of Appeals
# of the State of Georgia

ATLANTA,  May 15, 2018

*The Court of Appeals hereby passes the following order:*

**A18D0450.  ROY BOONE BRIGHT v. THE STATE.**

In 2015, after a jury trial in which Roy Boone Bright represented himself, the jury found Bright guilty of burglary and theft by taking.  In 2017, Bright was granted a new trial because there was no record that Bright had waived his right to counsel at a *Faretta* hearing.[1]  Since the grant of his motion for new trial, Bright has filed multiple pre-trial motions,[2] including a motion for disqualification and recusal of the trial judge.  The trial court denied Bright's motion for disqualification and recusal, and Bright filed this application for discretionary appeal.  We, however, lack jurisdiction.

Because Bright's case remains pending below, Bright was required to follow the interlocutory application procedures set forth in OCGA § 5-6-34 (b), which include obtaining a certificate of immediate review from the trial court, to obtain appellate review at this time.  See *Murphy v. Murphy*, 322 Ga. App. 829 (747 SE2d 21) (2013) (dismissing appeal from recusal order based on failure to follow the interlocutory appeal procedure). Although Bright filed an application for discretionary appeal, as described in OCGA § 5-6-35, compliance with that procedure does not excuse a party seeking appellate review of an interlocutory order from complying with the additional requirements of OCGA § 5-6-34 (b).  See *Bailey v.*

---

[1] See *Faretta v. California*, 422 U. S. 806 (95 SCt 2525, 45 LE2d 562) (1975).

[2] See Case Nos. A18D0384 (dismissed for failure to follow interlocutory appeal procedures on April 12, 2018) and A18D0394 (granted under OCGA § 5-6-35 (j) in April 12, 2018).

*Bailey*, 266 Ga. 832 (471 SE2d 213) (1996). Bright's failure to comply with the interlocutory appeal procedures deprives us of jurisdiction over this application, which is hereby DISMISSED



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,  05/15/2018*
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*