# Court of Appeals
# of the State of Georgia

ATLANTA,  January 24, 2019

*The Court of Appeals hereby passes the following order:*

**A19A1010. WHITE PROPERTIES INVESTMENTS, LLC et al. v. DIP LENDING I LLC.**

White Properties Investments, LLC, Cleveland Avenue Properties, LLC, and Ateel Properties, LLC (the "appellants"), filed this direct appeal from a trial court order denying their motion to dismiss a number of counts alleged in a complaint against them by DIP Lending I LLC. DIP Lending has filed a motion to dismiss this direct appeal, arguing the appellants were required to follow the interlocutory appeal procedure because the action remains pending below. In response, the appellants assert that the denial of their motion to dismiss is a collateral order.

"The collateral order doctrine permits appeals from a small category of decisions that are (i) conclusive, (ii) that resolve important questions separate from the merits, and (iii) that are effectively unreviewable on appeal from the final judgment in the underlying action." (Punctuation omitted.) *Expedia, Inc. v. City of Columbus*, 305 Ga. App. 450, 452 (1) (699 SE2d 600) (2010). The doctrine applies to only

> a very small class of interlocutory rulings [that] are effectively final in that they finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated.

(Punctuation omitted.) *Rivera v. Washington*, 298 Ga. 770, 774 (784 SE2d 775) (2016). Among other requirements, the collateral order doctrine applies only to cases "where denial of immediate review would render impossible any review whatsoever."

(Punctuation and emphasis omitted.) *Murphy v. Murphy*, 322 Ga. App. 829, 831 (747 SE2d 21) (2013). The superior court order at issue here does not meet this requirement, as questions concerning DIP Lending I's standing to assert certain claims are reviewable on appeal from a final judgment.

Accordingly, the collateral order doctrine has no application, and the appellants were required to comply with the interlocutory appeal procedures – including obtaining a certificate of immediate review from the trial court – to appeal. See OCGA § 5-6-34 (b); *MNM 5 v. Anderson/6438 Northeast Partners, Ltd.*, 215 Ga. App. 407, 408 (1) (451 SE2d 788) (1994) (denial of a motion to dismiss is an interlocutory ruling). DIP Lending I's motion to dismiss is hereby GRANTED, and this appeal is DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,*  *01/24/2019*
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

 *, Clerk.*