# Court of Appeals
# of the State of Georgia

ATLANTA,  December 06, 2019

*The Court of Appeals hereby passes the following order:*

**A20D0181.  MICHAEL ALONZA RUFUS v. THE STATE.**

Michael Alonza Rufus is facing charges in Baldwin County for filing false documents.  The trial court denied various motions by Rufus on May 16, 2019, including a motion to recuse.  Rufus subsequently filed a second motion to recuse and a challenge to the court's jurisdiction, which the trial court denied on August 23, 2019.  On September 30, 2019, Rufus filed in the Supreme Court a motion for supersedeas and two notices of appeal from the trial court's May 16 and August 23 orders.  The Supreme Court construed the filings as an application for discretionary review, and transferred the case here.  See Case No. S20D0325.  We lack jurisdiction for two reasons.

First, Rufus's application is untimely.  To be timely, a discretionary application must be filed within 30 days of entry of the order to be appealed.  OCGA § 5-6-35 (d); *Hill v. State*, 204 Ga. App. 582, 583 (420 SE2d 393) (1992).  This statutory deadline is jurisdictional, and we cannot accept an application for appeal not made in compliance therewith.  *Boyle v. State*, 190 Ga. App. 734, 734 (380 SE2d 57) (1989).  Rufus's application, filed September 30, was not filed within 30 days of the trial court's May 16 and August 23 orders.

Second, because this action remains pending below, Rufus was required to comply with the interlocutory-appeal procedure, including obtaining a certificate of immediate review from the trial court.  See OCGA § 5-6-34 (b); *Boyd v. State*, 191 Ga. App. 435, 435 (383 SE2d 906) (1989); see also *Murphy v. Murphy*, 322 Ga. App. 829, 830-832 (747 SE2d 21) (2013). Although Rufus filed a discretionary application, "[t]he discretionary appeal statute does not excuse a party seeking appellate review

of an interlocutory order from complying with the additional requirements of OCGA § 5-6-34 (b)." *Bailey v. Bailey*, 266 Ga. 832, 833 (471 SE2d 213) (1996). Rufus's failure to comply with the interlocutory appeal procedure and obtain a certificate of immediate review deprives this Court of jurisdiction over the application.

Accordingly, we lack jurisdiction over this application, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
    *Clerk's Office, Atlanta,* __12/06/2019__
    *I certify that the above is a true extract from* *the minutes of the Court of Appeals of Georgia.*
    *Witness my signature and the seal of said court* *hereto affixed the day and year last above written.*



_____, *Clerk.*