S90A1283. IN RE STRAUGHAN & STRAUGHAN.
(400 SE2d 906)

FLETCHER, Justice.

This case concerns the fee and expenses of counsel appointed in a death penalty case. Appellants Straughan & Straughan are attorneys from the Oconee Judicial Circuit who occasionally do work in the Dublin Judicial Circuit. In the fall of 1989, appellants were contacted by a superior court judge from the Dublin Circuit and the judicial administrator for that circuit and asked to enter a proposal as to the fee they would require for representation of the defendant in a death penalty case in Johnson County.[1] Appellants proposed a fee of $17,500 which was not accepted. However, the judge again contacted appellants concerning the case, asking appellants to handle the de-

---

[1] The amicus curiae brief filed by Johnson County indicates that although Johnson County is a participant under the Georgia Indigent Defense Act, OCGA § 17-12-30 et seq., the fee in this case was not set pursuant to the provisions of that act.

fense of the case based upon the fee arrangement set forth below:

> You will receive a total of $15,000. fee, plus $2,500. unaccounted expenses, which will cover the trial and all State appeals. Should additional expenses be required, an accounting for the $2,500. will be made to the Court.
>
> Payments of these sums are to have prior court approval in writing and generally as follows:
>
> 1) $5,000. and $2,500. expenses upon acceptance of the appointment; 2) $5,000. on fee upon completion of Pre-Trial proceedings and motions; and 3) $5,000. upon completion of the trial.

Appellants agreed to the proposed fee arrangement. A court order was entered on November 16, 1989, appointing appellants as counsel and they proceeded in the representation of the defendant and the preparation of his defense.

On February 23, 1990, the State withdrew its notice of intent to seek the death penalty and the defendant pled guilty, receiving a life sentence. Also on February 23, 1990, appellants presented Johnson County with their final bill for $10,000, the remaining amount to which appellants contend they are entitled pursuant to their fee agreement with appellee.

Upon presentation of their bill to the county, appellants were paid the $10,000. Shortly thereafter, appellants were notified by the county to return the money. Appellants refused and the trial court entered an order approving payment of $5,000 in attorney fees and $2,500 in expenses, both of which sums had been paid to appellants at the outset of their representation of the defendant.

Appellants requested a hearing concerning attorney fees and such was held on April 10, 1990. Following the hearing, the trial court entered an order authorizing payment to appellants of an additional $2,500, bringing the total of fee and expenses authorized by order of the trial court to $10,000. Appellants appeal.

There is no question that the superior court has the authority to arrange for the provision of legal services to an indigent defendant in a capital felony case. OCGA § 17-12-44. See also OCGA § 17-12-60.[2]

---

[2] The inherent power of the court to appoint counsel to represent indigent defendants and to order compensation and reimbursement from county funds was statutorily recognized by OCGA § 17-12-44. (Ga. L. 1979, p. 367, § 15.) With the enactment of OCGA § 17-12-44, it would seem that OCGA § 17-12-60 has been, in effect, superseded. The fees and expenses authorized by OCGA § 17-12-60 may have been reasonable when such statute was enacted in 1953, however, the maximum fees and expenses provided for therein have not been revised since that time and now are clearly not reasonable. Thus, OCGA § 17-12-60 no longer appears to serve any worthwhile purpose.

Likewise, there is no question that the superior court has the authority to order that those services be paid for out of county funds as an expense of the court. See *Bibb County v. Hancock*, 211 Ga. 429 (86 SE2d 511) (1955).

We have questioned the practice of conditioning the appointment of an attorney to represent an indigent defendant in a death penalty case upon the payment of a fixed fee, the amount of which has been decided in advance. See *Birt v. State*, 259 Ga. 800, 801, fn. 3 (387 SE2d 879) (1990). The situation presented here is another example of why we question and advise against the practice. We realize that such an arrangement may, at times, be of financial benefit to a county; however, the primary consideration of indigent defense, as recognized by the policy of this state:

> is . . . to provide the constitutional guarantees of the right to counsel and equal access to the courts to all its citizens in criminal cases and to provide . . . [a]dequate defense services for indigent persons accused of crime . . . [and] [a]dequate compensation for counsel who represent indigent persons accused of crime[.] OCGA § 17-12-31 (1) and (2).

The situation presented here is one of the times when a preset, fixed fee is not of financial benefit to the county. Appellants bound themselves by contract to provide all legal services to an indigent defendant in a death penalty case, from the outset of the case through all appeals in the state courts. The fact that the case ended prior to trial does not negate the agreement. The fee agreed upon was $15,000 and that sum, plus $2,500 in unaccounted expenses, is the amount to which appellants are entitled by contract. We cannot now rewrite the agreement.

The case is remanded to the trial court for an order to be entered consistent with this opinion.

*Remanded. Clarke, C. J., Smith, P. J., Bell, Benham, Fletcher, JJ., and Judge William R. Killian concur; Hunt, J., dissents; Weltner, J., not participating.*

HUNT, Justice, dissenting.

I agree with the majority that we cannot rewrite the contract. Nevertheless, we are authorized to construe it. Applying the cardinal rule of construction, to ascertain the intent of the parties, *Kruse v. Todd*, 260 Ga. 63, 67 (1) (389 SE2d 488) (1990), and from a review of the contract as a whole, it is evident the parties intended that $5,000 of the total fee be reserved for the trial before a jury and appeal. Neither occurred, and, accordingly, counsel should be required to refund $5,000, so that their total fee would be $10,000 plus $2,500 in

expenses. This construction of the contract is reasonable in light of the considerable reduction of the contemplated use of counsel's time. I say this recognizing that appointed counsel should not be encouraged, nor permitted, to accept less than the amount to which they are entitled in return for a favorable plea recommendation from the state, and certainly prosecutors may not condition a plea on this basis.

DECIDED FEBRUARY 21, 1991.

*Straughan & Straughan, Mark W. Straughan,* pro se.
*Ralph M. Walke, District Attorney, Peter F. Larsen, Assistant District Attorney,* for appellee.
*Joe W. Roland,* amicus curiae.