A98A0986. PARKER et al. v. KENNON.
(509 SE2d 152)

POPE, Presiding Judge.

Virginia Gray, by and through her next friend Betty Hewitt, filed a complaint against her daughter Virginia Kemp. The complaint alleges that after Gray had a stroke which left her unable to handle her affairs, Kemp fraudulently obtained an unlimited power of attorney over Gray's property, which she has mishandled. The complaint seeks appointment of a receiver, an accounting as to all Gray's property, cancellation of Kemp's power of attorney, and other relief related to Gray's financial affairs. The court appointed Warner Kennon as receiver. Kennon secured a court order freezing bank accounts in the names of Gray's other two daughters, Linda Hunter and Jane Parker, on the basis that funds in the accounts may belong to Gray. Hunter and Parker filed a motion to lift the freeze on the accounts. The court denied the motion. Hunter and Parker filed this direct appeal from the court's denial of their motion to lift the freeze.

The order appealed from is not a final judgment or any other type of judgment that can be directly appealed. See OCGA § 5-6-34 (a). Hunter and Parker also failed to seek interlocutory review under OCGA § 5-6-34 (b). In their briefs, Hunter and Parker incorrectly refer to the court's order as a denial of their motion for summary judgment. They did not file a summary judgment motion, and the court's order is not a summary judgment ruling, but is simply a denial of their motion to lift the freeze. Moreover, even if the order could somehow be construed as a summary judgment denial, such an order would not be directly appealable, but must be appealed pursuant to the interlocutory appeal procedures. See OCGA §§ 5-6-34 (b); 9-11-56 (h); *Southeastern Security Ins. Co. v. Empire Banking Co.*, 268 Ga. 450 (490 SE2d 372) (1997).

The appeal also does not fall under the collateral order exception to the final judgment rule. "The Supreme Court of Georgia adopted the collateral order exception to the final judgment rule in *Patterson v. State*, 248 Ga. 875 (287 SE2d 7) (1982). *Patterson* involved the trial court's denial of the defendant's plea of double jeopardy, and since that decision our appellate courts have applied the exception to only two other types of trial court orders. In two cases our Supreme Court allowed a direct appeal of trial court orders cancelling a notice of lis pendens. [Cits.] In another case, this Court applied the collateral order exception in allowing a direct appeal from the trial court's

order to produce attorney work product. [Cit.]" *Johnson & Johnson v. Kaufman*, 226 Ga. App. 77, 79 (485 SE2d 525) (1997). The order in the instant case is not one of these types of orders in which the collateral order exception has been applied. Furthermore, the exception does not apply here because the order refusing to lift the freeze (1) does not completely and conclusively resolve the issue appealed (i.e., whether the money in the account belongs to Gray or to the daughters); (2) does not concern an issue substantially separate from the basic issues presented in the complaint; and (3) would not result in the loss of an important right. See id.

Because Hunter and Parker directly appealed from an order that is not directly appealable and failed to follow the appropriate interlocutory appeal procedures, their appeal is dismissed.

*Appeal dismissed. Beasley and Ruffin, JJ., concur.*

DECIDED NOVEMBER 13, 1998█

*L. B. Kent*, for appellants.

*Hagler, Hyles, Adams & McKenna, Ashley C. McKenna, Denney, Pease, Allison & Kirk, John W. Denney, Peter G. Williams, Larry L. Taylor*, for appellee.

*Warner L. Kennon, Sr.*, pro se.