A00A1764. IN RE ESTATE OF SIMS.
(540 SE2d 650)

ANDREWS, Presiding Judge.

This is the third appearance of this case before this Court. As set out in *Sims v. Sims*, 265 Ga. 55 (452 SE2d 761) (1995), the controversy involves the distribution of the estate of Curtis Richard Sims (Sims). In that case, the Supreme Court determined that the probate court erred in not granting the motion for judgment notwithstanding the verdict of Edward and Wayne Sims, Sims' sons and co-executors, after a jury verdict for the granddaughters/caveators (children of Sims' deceased son Marshall) on the petition to probate Sims' will. The Supreme Court found insufficient evidence of undue influence by Edward and Wayne on their father with regard to the preparation and execution of the will, and the matter was returned to probate court where, by order of March 23, 1995, the will was admitted as proven and letters testamentary issued to Edward and Wayne.

On June 27, 1996, Brenda Sims Heath, Sims' daughter and a beneficiary, filed a Petition to Remove the Co-Executors pursuant to OCGA § 53-7-148.[1] The probate court entered its order of March 11, 1997, finding that any improper actions by Edward and Wayne did not rise to such a level as would make removal appropriate. Further deeming it in the estate's best interest, the probate court entered

> a final order at this time removing this cloud over the administration of this estate. However, the Court is concerned that one or both Co-Executors may have certain conflicts of interest and may not have handled all estate mat-

---

[7] *Smith v. State*, 256 Ga. 483 (351 SE2d 641) (1986).

[1] Pursuant to Ga. L. 1996, p. 504, § 10, effective January 1, 1998, the former Chapter 7, Administration of Estates Generally, was repealed and replaced by current Chapter 7. The pre-1998 statutes are cited unless otherwise noted.

ters entirely properly. For example, one area of concern is the operation of the family farm. *The Court will address these issues at a later date as a continuation of that aspect of this petition or in a final accounting proceeding.*

(Emphasis supplied.) No appeal was taken from this order.

On June 26, 1997, Brenda Sims Heath filed suit against Edward and Wayne in superior court, seeking damages for breach of fiduciary duty and an equitable accounting of the estate. That suit was dismissed by the superior court which concluded that probate court was the proper forum for the dispute and that, regarding the request for equitable accounting, the probate court provided adequate legal remedies in the form of a final accounting. This dismissal was upheld in *Heath v. Sims*, 242 Ga. App. 691 (531 SE2d 115) (2000), cert. denied, Case No. S00C1162 (September 11, 2000), in which it was noted that, pursuant to OCGA § 15-9-30 (a) (10), the probate court has jurisdiction over a claim that an estate's co-executors have breached their fiduciary duty. *Heath*, supra at 692.

On October 18, 1999, Brenda Sims Heath filed, in probate court, her Motion to Prohibit Executors From Using Estate Funds to Defend Against Allegations of Maladministration, indicating her intention to pursue the claim of maladministration in probate court. By order of January 24, 2000, the probate court granted Heath's motion, reserving until the conclusion of the litigation the issue of whether the co-executors would be entitled to reimbursement of any attorney fees resulting from the charges of maladministration. It is from this order that the executors filed their notice of direct appeal.

"Although not raised by either party, it is incumbent upon this Court to consider our jurisdiction of this matter. [Cits.]" *Sipple v. Atwood*, 223 Ga. App. 677 (478 SE2d 473) (1996).

Although the order is denoted "Final Order," it is substance and not mere nomenclature which determines the nature and finality of the order. *Cobb Center &c. v. Gordon*, 242 Ga. App. 73, 74 (1) (529 SE2d 138) (2000). As noted by the probate court in the order, "[i]t appears that allegations by Ms. Heath of misconduct by the Co-Executors will continue to be pursued in either the Superior or Probate Court of Fulton County." This order was entered prior to our decision in *Heath*, supra, upholding the superior court's dismissal of Heath's suit there. The order also notes that the general rule providing for determination of the executors' or trustees' right to attorney fees at the end of litigation over maladministration

would apply to a petition for accounting where the alleged misconduct of the fiduciary is at issue. . . . The authorization in the will concerning payment of attorney's fees does

not apply to allegations of misconduct. The authorization in the will is for legal expenses incurred to carry out the intention of the testator, which issue can only be resolved at the outcome of any case concerning alleged misconduct.

Therefore, it appears that there has, as yet, been no final accounting of this estate, including the charges of maladministration. See OCGA §§ 53-7-163 through 53-7-191.

As provided in OCGA § 53-7-164,

> Upon proof of citation pursuant to Code Section 53-7-163, the judge of the probate court may proceed to make an account, hear evidence upon any contested question, and settle finally between the distributee and administrator or executor. The settlement may be enforced by a judgment, writ of fieri facias, execution, or attachment for contempt, either party having the right to appeal.

See also OCGA § 15-9-123 (b) (general laws and rules of appellate practice and procedure applicable to cases from superior courts applicable to civil appeals from probate courts).

No certificate of immediate review having been obtained, this Court has no jurisdiction to consider this appeal, and it is dismissed. *Parker v. Kennon*, 235 Ga. App. 272 (509 SE2d 152) (1998).

*Appeal dismissed. Ruffin and Ellington, JJ., concur.*

DECIDED OCTOBER 20, 2000.

*Chestnut & Livingston, Tom Pye*, for appellants.
*Caldwell & Watson, Harmon W. Caldwell, Jr., Robert S. Carlson*, for appellees.