S03A0499, S03A0637. THOMAS v. THE STATE (two cases).
(583 SE2d 848)

HINES, Justice.

Christopher Thomas directly appeals the denial of his motion for discharge and acquittal based upon an alleged failure by the State to comply with Article IV (e) of the Interstate Agreement on Detainers ("IAD"), OCGA § 42-6-20.[1] Finding that a direct appeal is not authorized, we dismiss.

Thomas is currently serving a sentence in federal prison. He was removed from federal custody pursuant to a "writ to remove from federal custody" issued by the Superior Court of Fulton County on July 26, 2002. The writ stated that Thomas's presence was "required temporarily" that day for arraignment on murder charges, and that Thomas would be returned to federal custody "within an hour or two." Thomas was returned to federal custody, and on August 6, 2002, he filed his motion for discharge and acquittal of the pending state indictment for murder and related charges,[2] contending that the State had failed to comply with Article IV (e) of the IAD.[3] See *Alabama v. Bozeman*, 533 U. S. 146 (121 SC 2079, 150 LE2d 188) (2001). The superior court denied the motion, finding that Thomas did not present evidence that a detainer was lodged against him within the meaning of the IAD,[4] and that the motion was frivolous and designed solely for the purposes of delaying his trial on the pending charges; the court also denied the "right for direct appeal."

Review of the denial of a motion to dismiss a pending indictment for an alleged failure to comply with Article IV (e) of the IAD, OCGA § 42-6-20, requires a certificate of immediate review and a petition for interlocutory appeal. OCGA § 5-6-34; *Miller v. State*, 180 Ga. App. 710, 711 (350 SE2d 313) (1986); see *Webster v. State*, 251 Ga. 465 (306 SE2d 916) (1983).[5] This is not an appeal from an alleged viola-

---

[1] Thomas has filed two separate direct appeals from the same judgment.

[2] In regard to an earlier indictment for murder and related charges, this Court affirmed the denial of Thomas's motion to dismiss the indictment and request for discharge and acquittal for an alleged violation of his right to a speedy trial under the Sixth Amendment of the Constitution of the United States. *Thomas v. State*, 274 Ga. 492 (555 SE2d 693) (2001).

[3] Art. IV (e) provides that if the prisoner is returned to the sending state before trial is had on the receiving state's "indictment, information or complaint," then such "indictment, information or complaint shall not be of any further force or effect, and the court shall enter an order dismissing the same with prejudice."

[4] Thomas was again removed from federal custody pursuant to an August 19, 2002, "writ to remove from federal custody," issued by the Superior Court of Fulton County, requiring Thomas's temporary presence for a motions hearing.

[5] In *State v. Carlton*, 276 Ga. 693 (583 SE2d 1) (2003), this Court granted certiorari solely to address the issue of whether a request to detain based on an arrest warrant for pending criminal charges triggers the speedy trial protections of Article III of the IAD. *Carlton v. State*, 254 Ga. App. 653 (563 SE2d 521) (2002), cannot be read as authorizing a direct appeal from the denial of a motion to dismiss based upon an alleged violation of Article IV

tion of the constitutional right to a speedy trial; nor does it involve the speedy trial provision of OCGA § 17-7-70. Compare *Callaway v. State*, 275 Ga. 332 (567 SE2d 13) (2002). What is at issue is the "antishuttling remedy" of an interstate compact. *Alabama v. Bozeman*, supra at 156. In Georgia "[t]he direct appealability of interlocutory orders remains the exception rather than the rule."[6] *Turner v. Giles*, 264 Ga. 812, 813 (1) (450 SE2d 421) (1994). Accordingly, we decline to extend the right of direct appeal to the interlocutory ruling at issue in this case.[7]

*Appeals dismissed. All the Justices concur.*

DECIDED JUNE 30, 2003 —
RECONSIDERATION DENIED JULY 29, 2003.

*Dwight L. Thomas, Brad Gardner*, for appellant.
*Paul L. Howard, Jr., District Attorney, Bettieanne C. Hart, Marc A. Mallon, Ronald S. Boyter, Assistant District Attorneys, Thurbert E. Baker, Attorney General,* for appellee.

---

(e) of the IAD. *State v. Carlton* at 693, n. 1.

[6] As an interstate compact, the IAD is subject to federal interpretation. *State v. Carlton*, supra at 695. It should be noted that federal law does not confer a right to direct appeal of the interlocutory denial of a motion to dismiss premised on a violation of the IAD. *United States v. Hunnewell*, 855 F2d 1 (1st Cir. 1988). This is so because "[s]uch an order is not 'effectively unreviewable on appeal from a final judgment' under . . . [the] test for the 'collateral order' exception to the final judgment rule restated in *Flanagan v. United States*, 465 U. S. 259, 265 (104 SC 1051, 1055, 79 LE2d 288) (1984). 'Because of the compelling interest in prompt trials, the [Supreme] Court has interpreted the requirements of the collateral-order exception to the final judgment rule with the utmost strictness in criminal cases.' Id." *United States v. Hunnewell*, supra.

[7] It is unclear whether Thomas petitioned the trial court for a certificate of immediate review, and was refused, or whether the trial court, in its order, merely expressed its belief that a direct appeal was unauthorized. Even assuming that a petition for interlocutory review was requested and denied, such denial itself is not an appealable judgment. *Price v. State*, 237 Ga. 352 (227 SE2d 368) (1976). Compare *Waldrip v. Head*, 272 Ga. 572, 574 (1) (532 SE2d 380) (2000).