## A03A1565. GEESLIN v. SHEFTALL et al.
## A03A1567. GEESLIN et al. v. SHEFTALL et al.
### (589 SE2d 601)

MILLER, Judge.

Two beneficiaries of a will (George and Louise Sheftall) petitioned the probate court for an accounting and final settlement of an estate for which George Martin Geeslin served as the executor. In particular, they complained that Geeslin had paid an excessive amount in attorney fees. Geeslin counterclaimed to have various estate issues resolved, including a claim that the Sheftalls owed the estate rent money for their use of an estate home and a claim that they possessed furniture belonging to the estate. The probate court held an evidentiary hearing and issued an order resolving all of the issues raised in the petition but not addressing any of the counterclaim issues, which it stated remained pending in "the breast of the court" at the request of the parties. In Case No. A03A1565, Geeslin as executor of the will appealed the order, and in Case No. A03A1567, Geeslin as a beneficiary of the will in conjunction with three other beneficiaries appealed the same order. Since claims remain pending below, the order is interlocutory. Accordingly, appellants' failure in both appeals to follow the interlocutory appeal procedures requires us to grant appellees' motions to dismiss both appeals. See *In re Estate of Sims*, 246 Ga. App. 451, 452-453 (540 SE2d 650) (2000); *Parker v. Kennon*, 235 Ga. App. 272, 273 (509 SE2d 152) (1998).

Appellants argue that the order appealed from is an order "directing that an accounting be had" and is therefore directly appealable under OCGA § 5-6-34 (a) (3), despite the pendency of the other claims. We disagree. The order does not direct that an accounting be had; rather, it *is* the accounting, or at least a partial accounting. Georgia law has been careful to distinguish between orders directing that an accounting be had and orders performing that accounting. "[T]he determination that an equitable accounting will be ordered is an interlocutory or preliminary matter *separate and distinct* from the equitable accounting itself. In practice, between an order directing an accounting and the actual accounting, there is an interval sufficient to authorize an appeal. See [OCGA § 5-6-34 (a) (3)]." (Emphasis supplied.) *Herring v. Standard Guaranty Ins. Co.*, 238 Ga. 261, 262 (232 SE2d 544) (1977). The obvious policy is to allow the parties (when possible) to resolve the question of whether an accounting should be had at all, before such accounting takes place. Thus, it has been consistently held that OCGA § 5-6-34 (a) (3) authorizes direct appeals only from orders directing that an accounting be had, such as orders appointing an auditor to conduct the accounting (*Parmar v. Khera*, 215 Ga. App. 71 (1) (449 SE2d 894)

(1994)), orders requiring an accounting by the trustee (*Henderson v. Collins*, 245 Ga. 776 (267 SE2d 202) (1980)), or orders directing that the question of an accounting between the parties be submitted to the jury (*Lowe v. Lowe*, 123 Ga. App. 525-526 (1) (b) (181 SE2d 715) (1971)). Inasmuch as the order here simply reflects the court's findings resulting from its conducting a partial accounting, the order is not directly appealable under OCGA § 5-6-34 (a) (3).

Geeslin also argues that OCGA § 53-7-62 authorizes a direct appeal from the order, despite the pendency of the remaining issues. This statute, however, only refers to the right of the parties to appeal a probate court's "settlement of accounts" order once that order is ripe; it does not purport to authorize interlocutory appeals of such settlements while issues remain pending in the probate court. OCGA § 53-7-62. The wisdom behind the policy not to allow such piecemeal review is evident here, where issues as to the settlement of the estate remain pending and may require that the Sheftalls return assets or pay money to the estate or have the assets' value credited against their share of the estate. Until these issues are resolved, no final accounting or settlement of accounts is possible. Once the court resolves all these issues, then its final order may be appealed as provided in OCGA § 5-6-34 (a) (1), at which point prior orders in the case may properly be the subject of the appeal as provided in OCGA § 5-6-34 (d).

*Appeals dismissed. Smith, C. J., and Ruffin, P. J., concur.*

DECIDED OCTOBER 28, 2003.

*Hatcher, Stubbs, Land, Hollis & Rothschild, William B. Hardegree, John M. Sheftall, J. Benjamin Kay III,* for appellants.
*Warlick, Tritt & Stebbins, William B. Warlick,* for appellees.