S07A1149. FULTON COUNTY v. THE STATE.

(651 SE2d 679)

THOMPSON, Justice.

The State is seeking the death penalty against Brian Nichols in this murder case. He was declared indigent and counsel was appointed to represent him. Due to budgetary constraints of the Georgia Public Defender Standards Council, the trial court held a hearing to determine who would pay the escalating costs of Brian Nichols' defense. At the conclusion of the hearing, the trial court entered an order requiring Fulton County to pay a portion of Nichols' expenses. More particularly, the trial court ordered the county to cover the costs of transcribing telephone conversations made by or to Nichols at the jail and of presenting demonstrative evidence in the courtroom in a digital format.[1] The county filed this direct appeal, asserting the trial court erred in ordering it to pay costs associated with Nichols' defense.

> 1. The solemn duty devolves upon this court to inquire into its jurisdiction to entertain each appeal and review the alleged errors of the trial court. *Byrd v. Goodman,* 192 Ga. 466 (1) (15 SE2d 619) (1941). The jurisdiction of an appellate court to consider an appeal depends upon whether the appeal is taken in substantial compliance with the rules of appellate procedure prescribing the conditions under which the judgment of the trial court may be considered appealable.

*Trammel v. Clayton County Bd. of Commrs.,* 250 Ga. App. 310, 311 (551 SE2d 412) (2001).

The order in question is not a final judgment inasmuch as it stems from a case which remains pending below. OCGA § 5-6-34 (a) (1); *Crane v. State,* 281 Ga. 635, 636 (641 SE2d 795) (2007). It follows that the order is interlocutory and that it is not appealable directly unless it falls within the collateral order exception to the finality rule. See *Thomas v. State,* 276 Ga. 853 (583 SE2d 848) (2003); *Scroggins v. Edmondson,* 250 Ga. 430, 431, 432 (297 SE2d 469) (1982).

---

[1] The trial court simultaneously ordered the Public Defender Standards Council to pay other defense costs, including attorney fees, expert fees and consultant fees.

The collateral order exception is to be applied if the order (1) resolves an issue that is "substantially separate" from the basic issues to be decided at trial, (2) would result in the loss of an important right if review had to await final judgment, and (3) completely and conclusively decides the issue on appeal such that nothing in the underlying action can affect it. *In re Paul*, 270 Ga. 680, 682, 683 (513 SE2d 219) (1999); *Scroggins*, supra. The order in this case meets this test. It concerns a matter — the payment of expenses — wholly unrelated to the basic issues to be decided in this criminal case. The matter of payment would be unresolved and the trial of this case put on hold, or perhaps upended, if review had to await final judgment. Finally, the order resolves the matter completely and nothing remains in the underlying case to affect it. Therefore, we hold that a county may file a direct appeal from an order requiring it to pay a defendant's expenses in a murder case under the collateral order exception to the final judgment rule.

2. It is argued that the costs in question are contingent expenses incurred in the course of a trial and that, therefore, they are to be paid by the county under OCGA § 15-6-24 (a).[2] We disagree.

" 'Before an officer can be required to pay out public money, or be justified in doing so, those who demand its payment should be able to show a clear provision of the law which entitles them to receive it.' " *Freeney v. Geoghegan*, 177 Ga. 142, 145 (169 SE 882) (1933). OCGA § 15-6-24 calls for a county to pay itemized expenses that are incurred ordinarily in a courtroom proceeding, as well as for the payment of "similar items." But "similar items" cannot be deemed to include unusual expenses, i.e., expenses which are not typically incurred at trial.

> In *Maxwell v. Cumming*, 58 Ga. 384 [(1877)], this court strongly expressed its views as to the strictness with which the contingent expenses of the superior courts should be considered, and held that the statement that named expenses and similar items "shall be paid out of the county treasury . . . upon the certificate of the judge of the superior court, and without further order," did not authorize the issuance of mandamus as a matter of judicial discretion, but

---

[2] This Code section reads:
Any contingent expenses incurred in holding any session of the superior court, including lights, fuel, stationery, rent, publication of grand jury presentments when ordered published, and similar items, such as taking down testimony in felony cases, etc., shall be paid out of the county treasury . . . upon the certificate of the judge of the superior court and without further order.

forbade mandamus unless the expenditure approved by the court was expressly authorized by law.

*Freeney v. Geoghegan*, supra at 143-144.

The costs of transcribing telephone conversations at the jail and of presenting demonstrative evidence digitally are not expressly authorized. They are not the type of expenses that can be expected to be incurred ordinarily in a trial in superior court. It follows that the trial court erred in ordering Fulton County to pay these costs.

3. OCGA § 17-12-44, which was enacted in 1979, provided:

This article expressly recognizes the inherent power of the court to appoint counsel to represent indigent defendants and to order compensation and reimbursement from county funds in individual cases as the proper administration of justice may require.

Under this Code section, a court was empowered to order a county to pay for legal services for an indigent defendant in a capital felony case. *In re Straughan & Straughan*, 260 Ga. 821, 822 (400 SE2d 906) (1991); *Bibb County v. Hancock*, 211 Ga. 429 (86 SE2d 511) (1955). However, this Code section was only effective until January 1, 2005, following establishment of the Georgia Public Defender Standards Council. See OCGA §§ 17-12-1; 17-12-12.

*Judgment reversed. All the Justices concur.*

DECIDED SEPTEMBER 24, 2007 —
RECONSIDERATION DENIED OCTOBER 29, 2007.

*Willie J. Lovett, Jr., Overtis H. Brantley, Marina K. Duncan, Coy J. Johnson, Jr.,* for appellant.

*Paul L. Howard, Jr., District Attorney, Bettieanne C. Hart, Christopher M. Quinn, Assistant District Attorneys, Gary Parker, Robert L. McGlasson, Rogers & Hardin, Robert B. Remar, Thomas J. Mew IV,* for appellee.

*James F. Grubiak, Kemuel A. Kimbrough, Jeff S. Akins*, amici curiae.