[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-12231
Non-Argument Calendar

_____

D.C. Docket No. 1:17-cv-00174-JRH-BKE

PAMELA HATCHER STUART,

                                        Plaintiff - Appellant,

versus

WILLIAM G. HATCHER, JR.,
Individually and as Executor of the Estate of William G. Hatcher, Sr,

                                        Defendant - Appellee.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(December 4, 2018)

Before WILSON, EDMONDSON, and JULIE CARNES, Circuit Judges.

PER CURIAM:

In this diversity action, Plaintiff Pamela Stuart appeals the district court's dismissal of her complaint. Briefly stated, Plaintiff alleges that her brother, Defendant William Hatcher, Jr., breached his fiduciary duty as executor of the Estate of the parties' father, William G. Hatcher, Sr. ("Estate"). The Estate is still the subject of pending proceedings in the Probate Court of Richmond County, Georgia ("Probate Court"). The district court concluded that it lacked subject matter jurisdiction over Plaintiff's claims under the "probate exception" to federal jurisdiction. No reversible error has been shown; we affirm.

We review de novo the district court's dismissal for lack of subject matter jurisdiction. Nicholson v. Shafe, 558 F.3d 1266, 1270 (11th Cir. 2009). The party bringing the claim bears the burden of establishing that federal subject matter jurisdiction exists. Sweet Pea Marine, Ltd. v. APJ Marine, Inc., 411 F.3d 1242, 1247 (11th Cir. 2005).

Generally speaking, federal courts have jurisdiction to entertain civil actions that satisfy both the diversity and amount-in-controversy requirements set forth in 28 U.S.C. § 1332. Federal courts, however, have recognized an exception to federal diversity jurisdiction in cases involving state probate matters. The Supreme Court has said this "probate exception" is limited in scope, applying only

2

to cases the resolution of which would require a federal court to (1) probate or annul a will, (2) administer an estate, or (3) "dispose of property that is in the custody of a state probate court." Marshall v. Marshall, 547 U.S. 293, 311-12 (2006). The exception does not "bar federal courts from adjudicating matters outside those confines and otherwise within federal jurisdiction." Id. at 312.

Consistent with the Supreme Court's guidance in Marshall, this Circuit has described the scope of the "probate exception" this way:

> [A] creditor may obtain a federal judgment that he has a valid claim against the estate for one thousand dollars, or a devisee may obtain a declaratory judgment that a probated will entitles him to twenty percent of the net estate. What the federal court may not do, however, is to order payment of the creditor's thousand dollars, because that would be an assumption of control over property under probate. Similarly, the court may not find that the devisee's twenty percent share is worth $20,000, because it is the province of the probate court to determine the dollar amount of the net estate after liquidating assets and paying claims. . . . The federal claimant cannot deprive competing claimants of their just due by obtaining a premature distribution or valuation of estate assets from the federal court.

Turton v. Turton, 644 F.2d 344, 347 (5th Cir. 1981) (emphasis added). In determining whether the probate exception applies, we look past the plaintiff's theory of relief and consider the "effect a judgment would have on the jurisdiction of the probate court." Id. at 348.

In her complaint, Plaintiff alleges that Defendant breached his fiduciary duty as executor by failing to manage properly the administration of the Estate. Plaintiff contends that Defendant (1) failed to investigate and collect on amounts

3

owed to the Estate; (2) incurred unnecessary expenses in improving and maintaining Estate property; (3) paid unnecessarily significant professional fees from the Estate; (4) resisted Plaintiff's attempts to obtain an accounting and distribution of Estate assets; and (5) paid improperly legal fees using Estate assets. Plaintiff says she suffered damages because the value of the Estate -- and thus Plaintiff's interest in the Estate -- has been reduced as a result of Defendant's mismanagement.

As relief, Plaintiff seeks compensatory damages, punitive damages, and an award of attorney's fees. Plaintiff also requests the establishment of a constructive trust over the property or assets of the Estate that have been "improperly received" by Defendant or others. Plaintiff also seeks an injunction to prevent Defendant's "continued use of Estate assets to pay his attorney's fees to defend his maladministration."

In determining whether the district court has jurisdiction over Plaintiff's claim for breach of fiduciary duty, we examine whether a judgment in Plaintiff's favor would run afoul of the jurisdictional limits described in Marshall and in Turton.

Resolution of Plaintiff's claim for compensatory damages would require the district court not only to determine whether Defendant's conduct constituted a breach of his fiduciary duties but also whether Plaintiff suffered personal harm as a

4

result.  To determine Plaintiff's entitlement to relief, the district court would need to assess the current value of the Estate assets and determine -- based on the proposed distribution plan -- whether Plaintiff's interest in the Estate has been reduced by Defendant's alleged mismanagement.  About damages, Plaintiff seeks to recover an amount equal to the reduced value of her interest in the Estate.  Plaintiff acknowledges that no final valuation of the Estate has been made and, thus, requests an award "in an amount to be proven at trial."  In other words, Plaintiff asks for a premature valuation and accounting of the Estate.

Under the circumstances of this case, rendering a judgment in Plaintiff's favor would require the district court to engage in the kinds of tasks that are reserved to the state probate courts.  Accordingly, Plaintiff's damages claim falls within the scope of the probate exception; the district court concluded correctly that it lacked subject matter jurisdiction.  See Marshall, 547 U.S. at 311-12; Turton, 644 F.2d at 348 (explaining that "a suit against an executor personally for malfeasance is beyond federal jurisdiction, if it requires a premature accounting of an estate still in probate.").

That Plaintiff purports to seek in personam damages against Defendant personally is not dispositive.  Contrary to Plaintiff's assertion, the Supreme Court's decision in Marshall announced no bright-line rule exempting from the probate exception all in personam claims against an executor for tortious conduct.  Instead,

5

the Supreme Court focused on whether the plaintiff sought "to reach a <u>res</u> in the custody of a state court."  <u>Marshall</u>, 547 U.S. at 311-12.  Because <u>Marshall</u> involved a dispute about property transferred before the decedent's death -- and thus property that was never part of the decedent's estate -- the Supreme Court concluded that plaintiff's claim fell outside the scope of the probate exception.  <u>Id</u>. at 301, 311-12.  Unlike the dispute in <u>Marshall</u>, the dispute in this case centers around the assets of the Estate and, thus, implicates the probate exception.

Plaintiff also seeks the imposition of a constructive trust over property or assets of the Estate distributed "improperly" to Defendant or to others.  Under Georgia law, the probate court retains control over the assets of an estate until the probate court issues a final accounting and settlement.  <u>See</u> O.C.G.A. §§ 15-9-30(a) (the probate court has exclusive jurisdiction over the distribution of estate property), 53-7-63 (authorizing the probate court to "make an account, hear evidence upon any contested question, and make a final settlement between the personal representative and the heirs or beneficiaries.").  The probate court also retains authority over estate property that has already been provisionally distributed.  <u>See Geeslin v. Sheftall</u>, 589 S.E.2d 601, 602 (Ga. Ct. App. 2003) (until the issuance of a final accounting and settlement of the estate, the probate court "may require that [beneficiaries] return assets or pay money to the estate or have the assets' value credited against their share of the estate.").

Because no final accounting and settlement has yet been entered in this case, the Probate Court still maintains control over the Estate's assets, including those assets that have been provisionally distributed. The district court may not exercise jurisdiction -- through the establishment of a constructive trust -- over assets still within the Probate Court's control. See Turton, 644 F.2d at 347; Michigan Tech Fund v. Century Nat'l Bank, 680 F.2d 736, 741 (11th Cir. 1982) (the probate exception precludes federal jurisdiction to impose a constructive trust that would require either "a valuation of estate assets" or "an actual transfer of property under probate."). For the same reasons, the district court also lacks jurisdiction to grant Plaintiff's request to enjoin Defendant from using Estate assets in his administration of the Estate.

The district court committed no error in dismissing Plaintiff's complaint for lack of subject matter jurisdiction; we affirm.[*]

AFFIRMED.

---

[*] Because the district court dismissed properly Plaintiff's substantive claims, Plaintiff's derivative claims for punitive damages and for attorney's fees were also subject to dismissal. See Popham v. Landmark Am. Ins. Co., 798 S.E.2d 257, 264 (2017) ("[A]wards of punitive damages and attorney fees are derivative of underlying claims; where those claims fail, claims for punitive damages and attorney fees also fail.").