# Court of Appeals
# of the State of Georgia

ATLANTA,  August 01, 2019

*The Court of Appeals hereby passes the following order:*

**A19A2005. EDDIE LOU MORRIS v. MORTGAGE INVESTMENT ASSOCIATES, INC. et al.**

After obtaining a default judgment against defendants Pro Properties, Inc. ("PPI"), Mortgage Investment Associates, Inc. ("MIA"), and Morningside Mortgage Management ("MMM"), plaintiff Eddie Lou Morris filed a pro se petition against those companies as well as William Kelly Crow, David U. Crosby, and any other officers, directors, or assignees of the companies. Morris sought the dissolution of the companies, post-judgment discovery, and payment of the default judgment.

The complaint was served on board members Kirk Demetrops and Raymond Rivardo, who filed a motion to dismiss. Crosby and Crow also filed motions to dismiss. On November 24, 2015, the trial court granted these motions to dismiss, and Morris appealed. The appeal was dismissed as premature, however, as the trial court's order did not resolve the claims against PPI, MIA or MMM. See Case Number A16A2165, dismissed May 10, 2017.

Thereafter, Morris – through counsel – filed an amended complaint against the same defendants alleging numerous new claims, including fraud and breach of fiduciary duty. Morris filed a motion for summary judgment asserting that Crosby and Crow and other officers and directors of PPI, MIA and MMM had engaged in wrongful conduct and should be thus liable for payment of the default judgment. On December 20, 2018, the trial court entered three orders: an order denying the motion for summary judgment; a status order finding that, although defendant MMM had not filed an answer, Morris had not sought default judgment against this defendant; and an order dismissing defendants MMM and PPI for lack of prosecution. Morris has

filed a notice of appeal from these rulings.

As a general rule, a direct appeal lies from a final judgment; that is, where the case is no longer pending below. See OCGA § 5-6-34 (a) (1). If a trial court's order adjudicates fewer than all of the claims asserted, the order is non-final. See *Johnson v. Hosp. Corp. of America*, 192 Ga. App. 628, 629 (385 SE2d 731) (1989). Furthermore, although a trial court's order granting summary judgment may be appealed directly, the denial of a motion for summary judgment remains interlocutory. See OCGA § 9-11-56 (h); *Parker v. Kennon*, 235 Ga. App. 272, 272 (509 SE2d 152) (1998).

Here, the orders Morris seeks to appeal are non-final. The order denying summary judgment may not be appealed, and there is no ruling purporting to resolve the claim against MMI or the new claims Morris asserted in his amended complaint. Accordingly, Morris was required to follow the interlocutory appeal procedures – including obtaining a certificate of immediate review from the trial court – to appeal. See OCGA § 5-6-34 (b). His failure to do so deprives us of jurisdiction over this appeal, which is hereby DISMISSED.



Court of Appeals of the State of Georgia

Clerk's Office, Atlanta, __08/01/2019__

I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.

Witness my signature and the seal of said court hereto affixed the day and year last above written.



_____ , Clerk.