# Court of Appeals
# of the State of Georgia

ATLANTA,　December 22, 2020

*The Court of Appeals hereby passes the following order:*

## A21D0141. LYNN W. MARTIN v. MARY TONYA FOWLER.

Lynn W. Martin is an attorney representing the defendant in divorce proceedings. Martin filed a motion in that case, which the trial court found to be frivolous. On November 2, 2020, the trial court entered an order holding Martin personally liable for payment of OCGA § 9-15-14 attorney fees. The amount of fees was to be determined in a subsequent hearing. Martin seeks discretionary review of this ruling. We, however, lack jurisdiction.

An order awarding attorney fees while an action remains pending in the trial court is interlocutory. See *Eidson v. Croutch*, 337 Ga. App. 542, 542-543 (788 SE2d 129) (2016). Martin was thus required to follow the interlocutory appeal procedures of OCGA § 5-6-34 (b), including obtaining a certificate of immediate review, in order to appeal. Although Martin filed an application for discretionary appeal, compliance with the discretionary appeal statute, OCGA § 5-6-35, does not excuse a party seeking appellate review of an interlocutory order from complying with the additional requirements of OCGA § 5-6-34 (b). See *Bailey v. Bailey*, 266 Ga. 832, 833 (471 SE2d 213) (1996).

To avoid this result, Martin argues that the order should be considered a collateral order. "The collateral order doctrine permits appeals from a small category of decisions that are (i) conclusive, (ii) that resolve important questions separate from the merits, and (iii) that are effectively unreviewable on appeal from the final judgment in the underlying action." *Expedia, Inc. v. City of Columbus*, 305 Ga. App. 450, 452 (1) (699 SE2d 600) (2010) (punctuation omitted). "The collateral order exception is narrowly applied to avoid permitting piecemeal, prejudgment appeals,

to promote the efficient judicial administration, and to protect the prerogatives of the trial judges, who play a special role in managing ongoing litigation." Id. (punctuation omitted). This doctrine applies when the order "completely and conclusively decides the issue on appeal such that nothing in the underlying action can affect it." *Fulton County v. State*, 282 Ga. 570, 571 (1) (651 SE2d 679) (2007).

Martin suggests that the order at issue is collateral because it is separate from the underlying divorce proceedings. Martin fails to acknowledge, however, that the trial court's order was non-final even with regard to the OCGA § 9-15-14 award because the trial court reserved ruling on the amount of fees to be awarded. Accordingly, Martin's failure to comply with interlocutory procedures deprives us of jurisdiction over this application for discretionary appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta, 12/22/2020*
  *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
  *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____ *, Clerk.*