# Court of Appeals
# of the State of Georgia

ATLANTA,  February 04, 2021

*The Court of Appeals hereby passes the following order:*

**A21D0192. GIRISH MODI v. GREATER ATLANTA TELUGU ASSOCIATION.**

Girish Modi filed this application for discretionary appeal seeking review of the trial court's order denying his motion for leave to amend his complaint and the trial court's order denying his motion for summary judgment. We, however, lack jurisdiction.

Because there is no final judgment and the case remains pending below, Modi was required to use the interlocutory appeal procedures – including obtaining a certificate of immediate review from the trial court – in order to obtain appellate review of the trial court's order. See OCGA § 5-6-34 (a) (1), (b); *Mauer v. Parker Fibernet, LLC*, 306 Ga. App. 160, 161 (701 SE2d 599) (2010). Although Modi filed an application for discretionary review, as described in OCGA § 5-6-35, compliance with that procedure does not excuse a party seeking appellate review of an interlocutory order from complying with the additional requirements of OCGA § 5-6-34 (b). See *Bailey v. Bailey*, 266 Ga. 832, 833 (471 SE2d 213) (1996).

In recognition of this fact, Modi filed a supplement to his discretionary application showing that he requested a certificate of immediate review, which the trial court refused. Modi asks this Court to consider the application without the certificate of immediate review under the collateral order doctrine. This doctrine permits the direct appeal of an otherwise interlocutory ruling where the order "(1) resolves an issue that is substantially separate from the basic issues to be decided at trial, (2) would result in the loss of an important right if review had to await final judgment, and (3) completely and conclusively decides the issue on appeal such that

nothing in the underlying action can affect it." *Fulton County v. State*, 282 Ga. 570, 571 (1) (651 SE2d 679) (2007). The orders denying leave to amend the complaint and denying summary judgment clearly do not fall within the ambit of this rule. Under these circumstances, Modi was required to obtain a certificate of immediate review. See *Duke v. State*, 306 Ga. 171, 186 (4) (829 SE2d 348) (2019). Without a certificate of immediate review, we lack jurisdiction to consider this application, which is hereby DISMISSED. See id.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,   02/04/2021*
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*