# Court of Appeals
# of the State of Georgia

ATLANTA,  November 09, 2021

*The Court of Appeals hereby passes the following order:*

### A22A0304. IN RE THE ESTATE OF WILLIE MAE BROCKINGTON a/k/a WILLIE MAE BROCKINGTON-JAMES, DECEASED.

David Jonathan James, the surviving spouse of the decedent in this case, filed a petition for year's support in the Chatham County Probate Court. Edward Brockington, Jr., and Tyrone E. Brockington filed in the case (1) a caveat to the petition for year's support, and (2) a petition to probate will in solemn form and for letters of administration. The probate court issued an order granting the petition for year's support, and Edward and Tyrone Brockington filed the instant direct appeal. We lack jurisdiction.

As a threshold matter, we note that an order of the Chatham County Probate Court may generally be appealed directly to the Court of Appeals.[1] However, the order must be final. See OCGA § 5-6-34 (a) (1) (appeals generally may be taken from "[a]ll final judgments, that is to say, where the case is no longer pending in the court below"); OCGA § 15-9-123 (a) (the provisions of Chapter 6 of Title 5 apply to probate appeals).  Here, the petition to probate will in solemn form and for letters of administration filed in the year's support case remains pending below. Therefore, the

---

[1] Under OCGA § 15-9-123 (a), a party in a civil case in "probate court" shall have the right of appeal to an appellate court without first seeking review in superior court. See *Ellis v. Johnson*, 291 Ga. 127, 128 n.1 (1) (728 SE2d 200) (2012). A "probate court" is defined as "a probate court of a county having a population of more than 90,000 persons according to the United States decennial census of 2010 or any future such census." OCGA § 15-9-120 (2). As of the 2020 census, Chatham County had a population of 295,291.

appellants were required to use the interlocutory appeal procedures – including obtaining a certificate of immediate review from the probate court – to obtain review of the order granting the petition for year's support. See OCGA § 5-6-34 (b); *In re Estate of Sims*, 246 Ga. App. 451, 452-453 (540 SE2d 650) (2000).

The appellants' failure to comply with the interlocutory appeal procedures deprives us of jurisdiction over this premature direct appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
        *Clerk's Office, Atlanta,  11/09/2021*

        *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

        *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*