# Court of Appeals
# of the State of Georgia

ATLANTA,  January 09, 2023

*The Court of Appeals hereby passes the following order:*

**A22A1201. IN RE ESTATE OF PRATAP SINGH.**
**A22A1202. IN RE ESTATE OF MAYUARI SINGH.**

Omkar Singh, the Executor of the Estate of Pratap Singh and the Administrator of the Estate of Mayuari Singh, appeals from the probate court's orders directing each estate to pay $5,254 as additional compensation to the guardian ad litem who is representing the decedents' minor children in the proceedings. We, however, lack jurisdiction.

The records reveal that after Mr. and Mrs. Pratap and Mayuari Singh died, Omkar Singh petitioned the probate court to probate the will of Pratap Singh, appoint him executor of Pratap's estate, and appoint him administrator of Mayuari's estate. The probate court granted the petitions and, in addition, appointed a guardian ad litem ("GAL") to represent the interests of the decedents' minor children. The GAL initially expressed no objection to Omkar's service, but later raised objections on various grounds. Additionally, a creditor filed petitions to remove Omkar from his positions as Executor of Pratap's estate and Administrator of Mayuari's estate and to appoint an independent executor and administrator. The GAL filed a petition for additional compensation, averring that she was entitled to $10,508 for work she performed on the cases. The probate court granted the GAL's request and entered orders directing each estate to pay $5,254 to the GAL.  Subsequently, the probate court entered orders referring the cases to dispute resolution.  Omkar then filed these appeals from the probate court's orders granting the GAL's request for additional compensation. We lack jurisdiction because the case remains pending below.

An order of the DeKalb County Probate Court may generally be appealed

directly to the Court of Appeals. However, the order must be final. See OCGA § 5-6-34 (a) (1) (appeals generally may be taken from "[a]ll final judgments, that is to say, where the case is no longer pending in the court below"); OCGA § 15-9-123 (a) (the provisions of Chapter 6 of Title 5 apply to probate appeals). It is clear from the records that these cases remain pending below because after the probate court entered orders directing the estates to pay the guardian ad litem, the court entered orders referring the cases to dispute resolution. The appellant was, therefore, required to use the interlocutory appeal procedures – including obtaining a certificate of immediate review from the probate court – to obtain review of the orders granting the GAL's petition for additional compensation. See OCGA § 5-6-34 (b); *In re Estate of Sims*, 246 Ga. App. 451, 452-453 (540 SE2d 650) (2000).

The appellant's failure to comply with the interlocutory appeal procedures deprives us of jurisdiction over these premature direct appeals, which are hereby DISMISSED.



*Court of Appeals of the State of Georgia*

*Clerk's Office, Atlanta,*  01/09/2023

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*