# Court of Appeals
# of the State of Georgia

ATLANTA, _August 31, 2023_

*The Court of Appeals hereby passes the following order:*

**A23A1713. LAWRENCE CODY DURHAM AS ADMINISTRATOR OF THE ESTATE OF LAWRENCE H. DURHAM v. LUCINDA DURHAM WILLARD et al.**
**A23A1714. WILLIAM E. CALLAWAY, JR. et al. v. LUCINDA DURHAM WILLARD et al.**

Lawrence "Cody" Durham, as administrator of the estate of Lawrence H. Durham ("Lawrence"), and William Callaway, individually and as trustee of the Marjorie H. Durham ("Durham") irrevocable trust (the "Trust"), each seek review of two trial court orders in the underlying litigation concerning the Trust: (1) the order entered on February 22, 2023, denying Cody's motion to dismiss two parties (the "Dismissal Denial Order"), and (2) the order entered on March 28, 2023, granting the motion of appellee "Lucinda" Durham Willard to set off distribution to the Lawrence H. Durham estate with debts owed to the Trust by that estate (the "Set-Off Order"). The appellees have moved to dismiss the appeals, arguing that we lack jurisdiction. We agree.

In a previous appeal, we described the relevant history of this case as follows:

[In] 2000, Durham created an irrevocable trust, designating herself as the sole lifetime beneficiary and Callaway as the trustee. . . . [T]he Trust provided that upon Durham's death, all of the remaining trust property "shall be distributed to her four children . . .[1]" (i.e., the remainder

---

[1] The four children are Lucinda, Hugh Lee Durham, Wallace Bryant Durham, and Lawrence. Lawrence died during the course of the underlying litigation, and his

beneficiaries). Durham passed away [in] 2009, and . . . [o]n January 9, 2014, Lucinda filed a verified petition for a final accounting under OCGA § 53-12-243 against Callaway, individually, and in his capacity as trustee of the . . . Trust.

*Callaway v. Willard*, 351 Ga. App. 1, 2-3 (830 SE2d 464) (2019) (punctuation omitted). The trial court previously granted Lucinda's motion for partial summary judgment, determining that Callaway's failure to distribute the Trust assets to the remainder beneficiaries was a breach of his fiduciary duties, and this Court affirmed on appeal. Id. at 5-13 (2).

Meanwhile, in August 2016, Lucinda filed a "Motion to Set-Off Distribution to Lawrence Durham Estate with Debts Owed to Trust by Lawrence Durham Estate[,]" asking the trial court to order Lawrence's estate to repay debts it owed to the Trust, or set off/reduce the distribution from the Trust to Lawrence's estate by those debts. Then, in July 2022, Cody, as administrator/executor of Lawrence's estate, filed a motion to dismiss Hugh "Lee" Durham and Wallace "Bryant" Durham from the action because Cody argued that their actions forfeited their rights under the Trust's in terrorem clause. Following a November 30, 2022 hearing,[2] the court entered the Dismissal Denial Order and the Set-Off Order. In the Set-Off Order, the court found that Callaway had diverted millions of dollars in benefits from the Trust to or for the benefit of Lawrence and his estate; ordered Lawrence's estate to repay the Trust $5,216,618.83 plus interest, and Cody and/or Lawrence's estate to pay $53,538.22 plus interest, to each of Lucinda, Bryant, and Lee, within 30 days of the date of the Set-Off Order; and stated that if these amounts were not paid timely, then the amounts from the Trust distributable to the estate would be reduced accordingly.

---

son Cody was substituted as a party in his capacity as the personal representative of his father's estate. *Callaway v. Willard*, 351 Ga. App. 1, 1, n.1 (830 SE2d 464) (2019).

[2] There is no transcript of this hearing in the record.

The appellants seek review of these two orders.

This action remains pending below, and the appellants were required to use the interlocutory appeal procedures – including obtaining a certificate of immediate review from the trial court – to appeal the Dismissal Denial Order and the Set-Off Order. See OCGA § 5-6-34 (a) (1), (b); *CitiFinancial Svcs., Inc. v. Holland*, 310 Ga. App. 480, 481 (713 SE2d 678) (2011). "An order is considered a final judgment within the meaning of OCGA § 5-6-34 (a) (1) where it leaves no issues remaining to be resolved, constitutes the court's final ruling on the merits of the action, and leaves the parties with no further recourse in the trial court." *CitiFinancial Svcs.*, 310 Ga. App. at 481 (citation and punctuation omitted). A review of the Set-Off Order demonstrates that several issues remain to be resolved in this case. The appellants argue that the trial court converted the set-off motion to a motion for partial summary judgment by considering evidence outside the pleadings, so the Set-Off Order is directly appealable under OCGA § 9-11-56 (h), and the Dismissal Denial Order is therefore directly appealable under OCGA § 5-6-34 (d).[3]

An order granting summary judgment on any issue or as to any party is subject to review by direct appeal. OCGA § 9-11-56 (h). However, here the trial court entered its order pursuant to OCGA § 53-12-231 (d), which allows a court in an accounting action to "enter judgment granting appropriate relief." "Inasmuch as the order . . . simply reflects the court's findings resulting from its conducting a partial accounting, the order is not directly appealable[.]" *Geeslin v. Sheftall*, 263 Ga. App. 827, 828 (589 SE2d 601) (2003).

Alternatively, the appellants contend that, even if deemed interlocutory, the Set-Off Order is subject to direct appeal under the collateral-order exception to the finality rule under *Fulton County v. State*, 282 Ga. 570 (651 SE2d 679) (2007).

_____

[3] See OCGA § 5-6-34 (d) ("Where an appeal is taken under any provision of subsection (a), (b), or (c) of this Code section, all . . . orders rendered in the case which are raised on appeal and which may affect the proceedings below shall be reviewed and determined by the appellate court, without regard to the appealability of the . . . order standing alone[.]").

However, the collateral-order exception applies only if, inter alia, the order "resolves an issue that is 'substantially separate' from the basic issues to be decided at trial[.]" Id. at 571 (1) (collateral-order exception applied to order requiring county to pay some of criminal defendant's expenses because order concerned a matter wholly unrelated to the underlying criminal case). The Set-Off Order here is not "substantially separate" from the basic issues to be decided at trial – the amount of damages incurred due to Callaway's breach of his fiduciary duties, and a final accounting.

In sum, the appellants failed to obtain certificates of immediate review of either order, so we lack jurisdiction over these premature direct appeals. Thus, the appellees' motions to dismiss the appeals are GRANTED, and the appeals are hereby DISMISSED.



*Court of Appeals of the State of Georgia*
    *Clerk's Office, Atlanta,* __08/31/2023__
        *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
        *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

__Stephen E. Castlen_____ *, Clerk.*