# Court of Appeals
# of the State of Georgia

ATLANTA,  May 05, 2026

*The Court of Appeals hereby passes the following order:*

**A26A1767. IN RE: KENNETH B. PATTON, DECEASED.**

Chakina Patton ("Chakina"), who claims she is the sole heir to her father Kenneth Patton's ("Kenneth") estate, filed a petition to determine heirs in an estate administration action in Clayton County Probate Court. After a hearing, the probate court issued an order, finding that Chakina was Kenneth's heir, but instructing that resolution of Chakina's petition would be held in abeyance pending the paternity determination of Aneki Floyd, who also claimed that Kenneth was her father. In like manner, the court deferred ruling on a motion for disbursement until the issue regarding Floyd's status was resolved. In addition, the court entered a $47,950.00 judgment against Chakina for dissipating the estate's real property. The court stated that another hearing would be forthcoming and directed Kenneth's widow to file a petition for permanent administration. From that order, Chakina appeals. This Court, however, lacks jurisdiction.

An order of the Clayton County Probate Court generally may be appealed directly to the Court of Appeals. See OCGA §§ 15-9-123(a); 15-9-120(2).[1] However, the order must be final. See OCGA §§ 5-6-34(a)(1)(B) (appeals generally may be taken from "[a]ll final judgments, that is to say, where the case is no longer pending in the court below"); 15-9-123(b) (explaining that the "general laws and rules of appellate practice and procedure . . . shall . . . govern appeals of civil cases from the probate

---

[1] According to the 2020 census, Clayton County had a population of 297,595. See https://data.census.gov/all?q=Clayton+County+Georgia.

courts"). Here, the order that Chakina wishes to appeal was not final, as the probate court withheld its decision on several issues. Therefore, Chakina was required to follow the interlocutory appeal procedures — including obtaining a certificate of immediate review from the probate court — to obtain appellate review at this juncture. See OCGA § 5-6-34(b); *In re Estate of Sims*, 246 Ga. App. 451, 452-53 (540 SE2d 650) (2000) (dismissing direct appeal from probate court order because "there ha[d], as yet, been no final accounting of th[e] estate").

Accordingly, Chakina's failure to comply with the interlocutory appeal procedures deprives of us jurisdiction over this premature direct appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
   *Clerk's Office, Atlanta,* 05/05/2026

   *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

   *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____, *Clerk.*